## ENGLISH & DAVENPORT *v.* HILL.

1. It is not necessary to the validity of the assignee's title that the vendor, holding a conditional bill of sale which secures a purchase-money note, shall indorse the note or guarantee its payment, when he assigns in writing to such assignee the note and the personal property described therein and all of his rights under the entire paper, which paper covers the note and the security.
2. The assignment and transfer of a conditional bill of sale need not be recorded in order to constitute a good muniment of title as against an innocent third person purchasing the personal property from the original vendor.
3. Where a direct bill of exceptions is taken to the direction of a verdict, the propriety of such direction can not be dealt with unless the direction is complained of in the assignments of error and the error therein is specified.

Argued October 6, — Decided October 29, 1902.

Trover. Before A. W. Evans, judge pro hac vice. Warren superior court. April 9, 1902.

J. L. Hill brought trover against English & Davenport, for two horses. From the evidence at the trial it appeared that the plaintiff was the holder of a promissory note for the purchase-money of the horses, payable to Caldwell and containing a reservation of title to the horses in the payee, which the purchaser, one Mullins, executed at the time of the purchase, and which was duly recorded on the date of its execution and in the county in which the maker resided; and that the plaintiff had bought the note before maturity, taking a transfer which was written on the back of the note and signed by Caldwell. The paper was lost, but there was evidence that the transfer was "in about these words: For value received, I hereby transfer to J. L. Hill the within note, and the title to the property therein described is assigned and conveyed to J. L. Hill, his heirs and assigns, together with all the rights and privileges thereunder belonging." It did not appear that the transfer was recorded. The defendants bought the horses from Mullins, and sold them for $70. There was evidence that Mullins was an itinerant horse-trader, and "had been trading for Caldwell," but Caldwell denied that he had authorized Mullins to sell these horses or any others for him. The court directed a verdict in favor of the plaintiff for $70, and judgment was entered in accordance with the verdict. The defendants excepted "to the verdict and judgment," alleging that "said verdict and judgment are error," for various reasons stated,—among others, that it did not appear that Caldwell indorsed the note or guaranteed its payment; and that the transfer was not recorded, and therefore was not good against a purchaser without actual notice.

*E. P. Davis*, for plaintiffs in error, cited: 86 *Ga.* 466; 80 *Ga.* 746; 78 *Ga.* 173.

*John T. West* and *E. T. Shurley*, cited: 105 *Ga.* 373; 112 *Ga.* 253; Civil Code, §§ 2776, 2777.

ADAMS, J. The defendant in error obtained a verdict against the plaintiffs in error in a trover suit involving live stock. This verdict was directed by the judge of the court below, and a direct bill of exceptions was taken to this court. The evidence fully justified, if it did not require, the verdict rendered.

1, 2. The first two headnotes need no elaboration.

3. We are not authorized, under the assignment of error made in

this bill of exceptions, to determine whether the evidence so plainly required the verdict as to justify its direction by the court below. The Civil Code provides that a bill of exceptions "shall specify plainly the decision complained of, and the alleged error." The present bill of exceptions recites as a matter of fact that the judge of the court below did direct a verdict; but it is nowhere averred, directly or indirectly, that this is complained of or was erroneous. The third assignment illustrates all except those covered by the first two headnotes. It is as follows: "Because there was evidence sufficient to authorize the jury to find that C. C. Caldwell, by implication if not by express agreement, had authorized Mullins to sell the stock in controversy, and there was no evidence that J. L. Hill, the plaintiff in the court below, had ever withdrawn this consent." It is not stated that the court erred in directing the verdict for the reason suggested in the assignment, and it nowhere appears in the bill of exceptions that it was filed to such direction. On the contrary, it is stated that the bill of exceptions is filed to the verdict and the judgment rendered on the verdict. Even if it were true that there was evidence upon which the jury might have found that the sale of the live stock was binding upon the defendant in error, it does not follow that the verdict rendered and the judgment entered thereon were illegal, or not justified. Had the bill of exceptions stated that the direction of the verdict was illegal, we could have dealt with any assignment of error complaining in proper terms of this direction. The question of the sufficiency of the evidence (assuming that there is evidence on both sides as to any controlling question) can not be raised without a motion for a new trial.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*