## SMITH & SON *v.* HINKLE.

HOLDEN, J. The evidence was sufficient to authorize the jury to find that the deed from the debtor to his wife was void as to the plaintiffs in fi. fa., who were creditors of the grantor when the deed was executed, and that the claimant, who was the grantee of the wife, was not a purchaser for value and without notice of the invalidity of the deed; and the court erred in dismissing the levy at the conclusion of the evidence offered in behalf of the plaintiffs in fi. fa.

*Judgment reversed. Beck, J., absent. The other Justices concur.*

SEPTEMBER 22, 1911.

Claim. Before Judge Littlejohn. Sumter superior court. November 28, 1910.

An execution in favor of the plaintiffs in error against A. B. Hinkle, administrator of J. B. Hinkle, deceased, was levied upon a tract of land, and the defendant in error, Mrs. Nita O. Hinkle, filed a claim thereto. Upon the trial the court granted an order nonsuiting the case and dismissing the levy, and to this order the plaintiffs in fi. fa. excepted. The following documentary evidence was introduced: A deed from J. B. Hinkle to his wife, dated De-

cember 22, 1892, to "the residence of J. B. Hinkle in Americus," the vacant lot of five acres, more or less, "attached thereto," and several other lots of land in Americus besides the lot on which the office of J. B. and A. B. Hinkle was located, also a tract of land containing 875 acres, more or less, and "also all my personal property consisting of household and kitchen furniture, horses, mules, carriages, buggy, harness, corn, fodder, plantation tools, and in fact all the personal property that I now own; all my book accounts, together with all the rights and privileges thereunto belonging." The deed recited a consideration of $5.00 and love and affection, and was recorded March 21, 1894. Deed from Mrs. L. E. Hinkle to Mrs. Nita O. Hinkle, dated January 15, 1896, to the real estate conveyed to the former by the deed hereinbefore referred to, and to "all my personal property consisting of household and kitchen furniture, one cow, one horse, carriage, buggy, wagon, harness, and corn; also the office furniture, medical library, and surgical instruments." This deed recited a consideration of $9,000, "$3,000 of which sum is paid by Nita O. Hinkle assuming liens and mortgages now on the property hereinafter described, and $6,000 to her the said L. E. Hinkle in hand paid, the receipt of which is hereby acknowledged." The petition in a suit of the the plaintiffs in error filed September 29, 1896, against A. B. Hinkle, as administrator of J. B. Hinkle, on an account against J. B. Hinkle made in 1891 and in 1892 prior to December 21, 1892. A plea filed by the defendant in that suit, and a verdict and judgment dated June 5, 1905, in favor of the plaintiff in error for the amount sued for, $309 principal and $257.72 interest. The execution issued upon the judgment referred to, in favor of the plaintiff in error against A. B. Hinkle, administrator of J. B. Hinkle, deceased, dated June 13, 1905, and the entry of levy thereon, dated December 10, 1907, upon one of the lots of land referred to in the deed above mentioned. A. B. Hinkle made no return as administrator of J. B. Hinkle. A. B. Hinkle made no return for J. B. Hinkle of any property for taxation in 1893. In 1892 A. B. Hinkle returned for taxation property valued at $575, and J. B. Hinkle returned property of the value of $21,203, and J. B. and A. B. Hinkle returned property of the value of $1,000. Neither Mrs. L. E. Hinkle nor Nita O. Hinkle returned any property for taxation in 1892. In 1893 Mrs. L. E. Hinkle

returned for taxation property valued at $15,703, and Mrs. Nita O. Hinkle returned property valued at $440. In 1894 Mrs. L. E. Hinkle returned for taxation property valued at $14,623, and Mrs. Nita Hinkle returned property valued at $300. In 1895 Mrs. L. E. Hinkle returned for taxation property valued at $15,190, and A. B. Hinkle, agent for wife, returned property valued at $440. In 1896, Mrs. Nita Hinkle returned for taxation property valued at $14,485. A. B. Hinkle, as administrator of J. B. Hinkle, gave bond in the sum of $15,000. The following oral testimony was also introduced: The account involved in the suit hereinbefore referred to was contracted and was due before December 21, 1892. Dr. J. B. Hinkle was the husband of Mrs. L. E. Hinkle and the father of Dr. A. B. Hinkle, the husband of Mrs. Nita O. Hinkle, the claimant. On the night of December 21, 1892, J. B. and A. B. Hinkle were arrested on the charge of having that night murdered Dr. Worsham. They were placed in jail an hour after the homicide of Dr. Worsham, who left a widow surviving him. They were confined in jail "a year or more." They remained in jail from the time of their arrest until the death of Dr. J. B. Hinkle and the trial of Dr. A. B. Hinkle. "From December, 1892, on through 1893, Drs. J. B. and A. B. Hinkle saw their wives almost every day, and they continued seeing their wives until the old doctor died and Dr. A. B. Hinkle was acquitted. Mrs. L. E. Hinkle is the mother-in-law of Mrs. N. O. Hinkle, and Mrs. N. O. Hinkle is the wife of A. B. Hinkle. The Hinkles lived on Felder street, and they all lived together." One witness testified: "I went into the real estate business in 1895 or '6 and have been familiar with the value of property in the city of Americus from that time to the present. In my opinion the market value of the property conveyed in the deed from Mrs. L. E. Hinkle to Mrs. Nita O. Hinkle in 1896 was about $12,000."

*Allen Fort & Son* and *Shipp & Sheppard,* for plaintiffs,

*Miller & Jones,* contra.