## McNATT *v.* CLARKE BROTHERS.

1. A certified copy of the record of a mortgage which has been duly executed and recorded in the office of the clerk of the superior court is admissible in evidence on the trial of a case where the same is relevant, on showing that the original mortgage has been lost or destroyed.

(*a*) But such loss or destruction can not be established by a certificate of the clerk that he has searched the records of his court and can find no record of the foreclosure of such mortgage.

(*b*) If errors were committed by the court in admitting testimony relating to the loss or destruction of the mortgage, and proving its existence by parol, these are inconsequential under the facts of this case; because the plaintiff admitted that the copy attached to the certificate was a correct copy of the mortgage which he had taken, that he caused it to be foreclosed and the timber covered by it to be levied upon and sold, and that the same was purchased by him.

2. Conditional bills of sale are required by the statute to be in writing, in order to be effective against third persons. Parol alterations of the contract are not binding on third parties; and in a suit by a vendor against a purchaser from his vendee, it is incompetent to show that the vendor and vendee orally changed their contract of conditional sale, and that the agent of the defendant knew of such change.

3. A purchaser of personal property which has been previously sold under a conditional contract of sale, properly executed and recorded, wherein the title is retained in the vendor until the purchase-price is paid, is bound to inquire whether the purchase-price of such property has been paid; otherwise he purchases at his peril.

4. Where parties to a contract, during the course of its execution, depart from its terms and receive or pay money under such departure, reasonable notice must be given to either party who has so departed from its terms of the intention of the other to rely upon the exact terms of the agreement, before the other can recover for failure to pursue the letter of the contract. Until such notice, the departure is a quasi new agreement. The charge complained of was not adjusted to the above principle.

FEBRUARY 11, 1915.

Trover. Before Judge Sheppard. McIntosh superior court. September 27, 1913.

*E. J. Giles* and *Hines & Jordan,* for plaintiff.

*W. L. Clay,* for defendants.

HILL, J. 1. This is a trover case, brought by James McNatt against Clarke Brothers, for the recovery of two rafts of timber, of the alleged value of $1,673.13. The plaintiff relies on the retention of title to the timber in himself by reason of a conditional contract of sale to certain timber on lands described in the contract executed on January 22, 1913, which was duly recorded, and in which it was provided that the parties of the second part, McBride & Peterson, in order to pay the purchase-price, had the right to cut, haul and sell "to a buyer who will make the check payable to the said James McNatt, who hereby agrees to return to the said parties of the second part one half of the proceeds of said check, in order that the said parties may defray the expenses incurred by reason of pre-

paring the said timber for. market. It is further agreed by the parties to this contract that the said James McNatt reserves the title to the aforesaid sawmill timber and control and sale thereof until the purchase-price aforesaid is paid." He insists that the purchase-price has not been paid, and that prior to the purchase by Clarke Brothers they had actual notice through their agents that he claimed title to the timber and that the purchase-price had not been paid. The defendants contend, that, after McNatt took from McBride & Peterson a contract whereby McNatt retained in himself the title to the timber in question, E. T. McBride & Company took a mortgage on the same timber to secure an indebtedness to that firm; and that McNatt, being a member of the firm of McBride & Company, by taking a mortgage to that firm on property to which he held a retention of title by contract, had renounced his rights under such contract, for the reason that a person can not take a mortgage on his own property. In support of this contention, they offered evidence to show that the mortgage could not be found, and also certain parol testimony as to these facts. Some of this evidence was inadmissible; for instance, that of the certificate of the clerk of court which recited that the mortgage foreclosure could not be found in his office. *Daniel* v. *Braswell*, 113 *Ga.* 372 (38 S. E. 829). Whatever errors may have been committed by the court in receiving testimony relating to its loss or destruction and proving the mortgage by parol are inconsequential under the facts of this case, because the plaintiff admitted that the copy attached to the certificate was a correct copy of the mortgage which he had taken, that he had caused the mortgage to be foreclosed and the timber to be levied upon and sold, and that the same was purchased by him. The purpose of the defendants being to show that the plaintiff had subsequently relinquished his rights under the contract of sale and acquired a new and distinct title by virtue of his purchase at foreclosure sale, as to which title the rights of the defendants are claimed to be superior, they would be called upon to prove facts constituting such relinquishment in the ordinary way; but when the party admits the facts relied upon as being such proof, it would be unnecessary to produce testimony additional to his admission. None of the evidence relied upon by the defendants to establish such relinquishment raised the proposition that these facts amounted in law to such a renunciation or relinquishment.

Some of the objections are that the method of proof was improper for the reasons assigned.

The jury returned a verdict for the defendants. The plaintiff made a motion for a new trial on numerous grounds, which was overruled and he excepted. We will not undertake to discuss each ground separately, as it would prolong this opinion unduly; but we will consider only such grounds of the motion as we think are controlling. The case has been here before. *Clarke* v. *McNatt,* 132 *Ga.* 610 (64 S. E. 795, 26 L. R. A. (N. S. 585). Some, indeed most, of the questions raised by the present record were settled by the decision in the case just cited; and the question now is largely whether the case was retried in accordance with the rulings there made. In at least one particular which we think is controlling, the trial judge misconceived the ruling there made; and this error will be pointed out later.

2. Complaint is made because the court refused to permit the plaintiff and certain witnesses, while on the stand, to testify in behalf of the plaintiff as to the conversations had with the defendants, or their agents, as to certain changes which had been made orally in the terms of the conditional bill of sale by the vendor and vendee subsequently to its execution. We will not consider these assignments further than to say that this identical question was decided when the case was formerly before this court. It was then expressly held that such a contract could not be varied by a subsequent parol agreement between the original vendor and vendee, so as to affect third parties.

3. The court instructed the jury as follows: "The law recognizes that when a conditional bill of sale or deed to timber, or retention of title to timber or any other property, is retained in the vendor, when the paper conveying the title is of record, that carries notice of the retention of title. Now that is true, gentlemen, and Clarke Brothers, or any one else, the public generally, would be bound by such notice as to the retention of title; but Clarke Brothers or no one else would be bound to take notice of the fact that the purchase-money had not been paid. In other words, they are not charged with notice under that bill of sale that the purchase-money for the timber conveyed in the bill of sale had not been paid." The plaintiff in error excepts to that portion of the charge contained in the last sentence. We think the charge is open to the

criticism made on it. A purchaser of property which has been sold under a conditional contract of sale, duly executed and recorded, where the title has been retained by the seller, is bound to inquire whether the purchase-money has been paid or not, where he has actual notice of the retention of title by the seller. This charge is not in accordance with the decision rendered when the case was previously before this court. The whole purpose of recording an instrument where the title is retained is to put the world on notice that the *purchase-money is not paid;* and it is therefore error to instruct the jury that a purchaser of personal property under such circumstances is not charged with notice, under such bill of sale, that the purchase-price of the property has not been paid. Such a charge is erroneous and calculated to mislead the jury. See *Clarke* v. *Mc-Natt,* supra. It is not a question of tracing the money and seeing that it is paid or invested in a certain manner, as in the cases cited by Judge Lumpkin in the *Clarke* case, supra, but it is a question of whether the purchase-price for the timber has been paid at all. Surely it can not be said, where a conditional bill of sale to timber, with power of sale, has been taken and recorded by the vendor, with a retention of title until the purchase-money has been paid, that a purchaser of the timber is not chargeable with notice that the timber has not been paid for, and that he is not put upon inquiry to ascertain that fact. The court below had a misconception of the decision in the *Clarke* case, supra. There it was held that where the purchase-price was paid by Clarke Brothers to the vendees, McBride & Peterson, exercising a *power of sale* conferred by the vendor himself, it was not necessary to trace the money into the hands of the vendor who had created such power of sale.

4. The contract for the sale of the timber provided that McBride & Peterson could cut, saw, and haul the timber and have the checks given in payment made payable to McNatt, who would in turn pay half of the money to McBride & Peterson in order to defray the expenses of manufacturing the timber into lumber; but there is evidence tending to show that McNatt knew that the checks were not so made out and paid, but, on the contrary, that several of the checks were made payable to McBride & Peterson, and that these checks were accepted and indorsed by McNatt, or by McBride & Co., of which McNatt was a member, for the lumber so sold. The following charge of the court, with reference to this feature

of the case, was inaccurate and calculated to mislead the jury: "If McNatt disregarded the terms of that contract in any of his actions, why he would be bound by that disregard, and the other party would have the same right to disregard the terms of that contract, if McNatt himself did not live up to the requirements of that contract." The rule is that where the parties to a contract, during the course of its execution, depart from its terms and receive or pay money under such departure, reasonable notice must be given to either party who has so departed from its terms of the intention of the other party to rely upon the exact terms of the agreement, before the other can recover for failure to pursue the letter of the contract. Until such notice, the departure is a quasi new agreement. Civil Code, § 4227; *Kennesaw Guano Co.* v. *Miles & Co.,* 132 *Ga.* 763 (64 S. E. 1087).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*