### 13818. SALSBURY *v.* McNURE.

1. "On the trial of a claim case where the issue is the bona fides of a transfer of property by the defendant in execution to the claimant, and there are circumstances which, if not satisfactorily explained, may be regarded as badges of fraud, it is for the jury to pass upon such issues." *Stephens* v. *Southern Cotton Oil Co.*, 147 *Ga.* 410 (3) (94 S. E. 245).

2. While it is true that "a sale of property, if otherwise bona fide made, is not void as to a pre-existing creditor of the vendor merely because he retains the possession after the sale" (*Jowers* v. *High Point Furniture Co.*, 10 *Ga. App.* 297 (2) (73 S. E. 415), yet, "on the trial of the right of property under our claim laws, the possession of the defendant in execution after an absolute sale of the property levied on is prima facie evidence of fraud. The sufficiency of the explanation of such possession is for the jury's determination." *Kelley* v. *Stovall*, 138 *Ga.* 186, 187 (75 S. E. 6); *Carter* v. *Stanfield*, 8 *Ga.* 49; *Va. Car. Chem. Co. v. Hollis*, 23 *Ga. App.* 634 (5) (99 S. E. 154).

3. "A claim case is in the nature of an equitable proceeding, and, where transactions between relatives are under review, slight circumstances are often sufficient to induce belief on the part of a jury that there was fraud or collusion between the parties, and authorize them to find against the claimant and in favor of the plaintiff in fi. fa." *Bryant* v. *Dickerson*, 19 *Ga. App.* 80, 82 (90 S. E. 1027, 1028).

4. The motion to assess damages against the plaintiff in error is denied, since the court is not satisfied that the writ of error was prosecuted for delay only.

　　　　　　DECIDED MARCH 17, 1923.

Levy and claim; from city court of Swainsboro — Judge Kirkland.

*T. N. Brown,* for plaintiff in error.

JENKINS, P. J. The jury found the property subject, in the trial of a claim filed by the sister of the defendant in fi. fa. to property levied upon under the plaintiff's distress warrant. The sheriff's return upon the execution showed that the property was

6

in the defendant's possession at the time of levy, and on the trial the claimant assumed the burden of proof. There was evidence from which the jury were authorized to find that, after the alleged sales to the claimant sister, who resided about a mile from the defendant, the property remained in his sole possession, that at various subsequent times he exercised dominion and control over it, and that all but one of the checks from the defendant to the claimant, which it is claimed represented the consideration of the sales in question, were dated about a month after the dates of the receipts therefor given by the defendant to the claimant. Although the evidence for the plaintiff in fi. fa., attacking the bona fides of the transaction, was slight, it was nevertheless sufficient to raise such an issue for the jury; and since the verdict was not without evidence to support it, and the judge has refused a second grant of a new trial to the claimant, his judgment can not be disturbed.  *Judgment affirmed. Stephens and Bell, JJ., concur.*