### KENNEDY *et al.* v. WALKER.

HILL, J. 1. The exceptions pendente lite filed by the plaintiffs in error in the court below, to the order of the trial judge overruling their demurrers, can not be considered by the Supreme Court, for the reason that no error is assigned thereon in the main bill of exceptions, nor in this court on a separate assignment of error before argument. The plaintiffs in error merely specify the exceptions pendente lite as a part of the record material to a clear understanding of the errors complained of. *Atlantic & Birmingham R. Co.* v. *Penny,* 119 *Ga.* 479 (46 S. E. 665); *Smiley* v. *Smiley,* 144 *Ga.* 546 (87 S. E. 668); *U. S. Fidelity & Guaranty Co.* v. *First National Bank,* 149 *Ga.* 132 (3) (99 S. E. 529).

2. A plea of payment may be supported by parol evidence that certain checks were delivered and accepted in payment, without producing such checks or accounting for their nonproduction. *Fisher* v. *Jones Co.,* 93 *Ga.* 717 (21 S. E. 152). Consequently, where on the trial of the case the plaintiff testified "the money that I put in the stuff, in canceled

checks to show, was $1725.75 for those checks. I have a memorandum here that gives the dates and amount and which was left in Judge Sheppard's office on the hearing, they were introduced in Claxton, and Col. Thomas examined them and passed them over to Kennedy, and he said every one of them was right. Those checks was left in the hands of Judge Sheppard; the check referred to was the check tendered to Mr. Thomas and offered at the temporary hearing before Judge Sheppard at Claxton," such evidence was not inadmissible on the ground that the canceled checks were the highest evidence, and that their absence had not been satisfactorily accounted for.

3. Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the other of the intention to rely on the exact terms of the agreement. Until such notice the departure is a quasi new agreement. Civil Code (1910), § 4227; *McNatt* v. *Clarke*, 143 *Ga.* 159 (4), 160 (84 S. E. 447). Accordingly, where the plaintiff testified, " I tell the jury that Mr. Dorminy agreed for me to sell Kennedy half interest but without putting up this $1000, as to whether he agreed without that, there was nothing said of the $1000 there," it was not error for any reason assigned for the court to instruct the jury as follows: " Now in regard to the other contract, the contract between Walker and Kennedy, the contract which I just charged you was a contract with Dorminy, Walker, and Kennedy, see whether or not Walker sold to Kennedy his interest in it with the knowledge of Dorminy. If he did, and Dorminy didn't protest against it, in other words, if Walker sold out his interest in the plant to Kennedy for the consideration expressed in the contract between Walker and Kennedy, and Dorminy knew it, and knew of the terms of that contract, so far as the carrying on the contract between Dorminy, Walker, and Kennedy, and he permitted Kennedy to operate under it, why then he couldn't set up the defense that he was not bound by the contract of Walker and Kennedy; in other words, Kennedy and Walker contract would be good if Dorminy knew of it, knew of that contract and permitted it to be executed and gone on and accepted the terms of that contract entitling Kennedy to take the place of Walker, if he knew that."

4. The 12th ground of the motion for new trial is as follows: " Because the court, in the presence of and the hearing of the jury, expressed his opinion as to the evidence, and directed and advised the plaintiff Walker in the following order and the jury in the case, the money that you put into the stuff which they took hold of and handled would be that, that you would have the right to recover for." It does not appear from the above assignment that the alleged expression of opinion of the court was contained in any charge or instruction to the jury, or that the language purported to have been used by the judge was used in any ruling on the admissibility or rejection of evidence to the jury, nor that any objection was made at the time to such remarks by motion for mistrial or otherwise, or under what circumstances the language was used; and therefore the assignment of error is incomplete and insufficient to be considered by this court.

5. The verdict is supported by the evidence, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, Russell, C. J., specially.*

No. 3599. NOVEMBER 14, 1923.

Equitable petition. Before Judge Sheppard. Long superior court. January 6, 1923.

E. H. Walker filed an equitable petition against H. W. Kennedy and Charles R. Bisbee, of Long County, and A. B. C. Dorminy, of Ben Hill County, alleging in substance the following: Dorminy had previously conducted a plant for the manufacture and sale of brick under the trade-name of Ludowici Brick and Tile Company. On or about July 15, 1921, Dorminy leased and conveyed to Walker his entire holdings in said company under a certain contract described in the petition; in pursuance thereof Walker took possession and control of the plant and property described in the contract, and continued in possession and control until September 6, 1921, during which period Walker put into the business $1500 in cash and paid off outstanding indebtedness which had accrued prior to the lease contract from Dorminy to Walker, to the amount of $2000. There was on hand, at the time Walker leased from Dorminy, certain brick described in the petition. In order to manufacture standard size and salable brick Walker was forced to buy and instal a new die in said plant at a cost of $25. On September 6, 1921, after the payment of the outstanding indebtedness of the business, Walker had on hand 1,200,000 brick of standard size and salable. On September 6, 1921, the lease contract was by common consent terminated, and a similar contract was entered into between Dorminy on the one hand, and Walker and Kennedy on the other. On September 7, 1921, Walker sold to Kennedy his entire interest in the contract for a consideration of $600 to be paid in cash and the further consideration of 480,000 bricks to be delivered to Walker by Kennedy at the rate of 40,000 per month. Kennedy breached the contract and paid Walker only $378 of the cash payment and delivered to him only 26,000 bricks which he was to deliver. Kennedy was insolvent. During the operation under the first contract the defendants entered into a conspiracy to fraudulently divest Walker of the title, possession, and control of the brick plant and to appropriate it to themselves without paying Walker the reasonable value thereof, and in furtherance of the fraudulent conspiracy the defendants entered into

a pretended contract of lease of the plant from Dorminy to Kennedy and Charles R. Bisbee. Dorminy knew the terms of sale from Walker to Kennedy and acquiesced therein. There were on hand, at the time of the filing of the petition, 1,500,000 bricks; the defendants were shipping the brick beyond the limits of the State at the rate of 40,000 per day; the brick business was involved financially, and there was imminent danger of the plant being closed down under a creditors' bill and sold. The conspiracy was formed and entered into prior to the sale from Walker to Kennedy, which, together with the insolvency of Kennedy, was unknown to Walker. The stock in trade was in danger of being dissipated and removed beyond the limits of the State; and Walker was damaged in the sum of $3,000. He prayed that the court restrain the defendants from shipping, moving, or disposing of the brick on hand; that a decree be entered, setting up an equitable lien against the property in favor of Walker for $3,000; and that a receiver be appointed to administer the assets of the business.

On November 19, 1921, the court passed a temporary order restraining the defendants as prayed. Dorminy and Kennedy each filed an answer denying some of the allegations of the petition and admitting others. After hearing evidence the court, on January 7, 1922, passed an order continuing of force and effect the previous restraining order, and providing that the defendants might give a bond with good security in the sum of $4,000 for the eventual condemnation-money, in which event the restraining order was to be suspended. A bond in compliance with the order was given, with A. B. C. Dorminy and H. W. Kennedy as principals, and W. F. Chapman, A. T. Robinson, W. W. Lott, and T. L. Howard as sureties. The defendants were thereupon permitted to operate the brick plant and to dispose of the brick on hand. The case was tried before a jury at the September term, 1922, and a verdict was rendered in favor of the plaintiff for $1,500, and a decree was thereupon entered against the principals and sureties on the bond. The defendants filed their motion for a new trial, which was overruled, and they excepted.

*Parker & Parker* and *James R. Thomas & Son,* for plaintiffs in error.

*W. G. Warnell* and *M. Price,* contra.

RUSSELL, C. J., concurring specially. I agree thoroughly in the

rulings in all the headnotes, except the first. · I am of the opinion that where exceptions pendente lite are properly preserved, they necessarily become a part of the record. When specified as a part of the record material to a clear understanding of the case, and duly transmitted to this court for inspection of their merit, error may be assigned upon such exceptions even in the brief of counsel, if filed before the argument in this court. In the present case the exceptions pendente lite are specified in the record and are before us, and I think there is sufficient assignment of error to require a consideration of the exceptions. For this reason I have considered the merits of the exceptions pendente lite to the judgment overruling the demurrer of the defendant to the petition of the plaintiff. In my opinion the court properly overruled the demurrer, and confirmation of the correctness of that view may be found in the subsequent trial. So upon the whole, and upon all assignments of error, I agree to a judgment of affirmance.