## PATTERSON CO. *v.* PEOPLES LOAN & SAVINGS CO.

1. Where the owner and vendor of personal property takes from the purchaser thereof his note for the purchase-price, in which the title to the property is retained in the vendor until the purchase-price is paid, and thereafter transfers the note and title to the property to a third person, the title to such property passes from the vendor to his transferee.

2. After such transfer, the vendor has no title or interest in the property which he can mortgage to a third person.

3. The rule that the retention of possession of property by the vendor, after he has sold the same to another, is per se fraudulent and void as to a subsequent bona fide purchaser from him, is not of force in this State, but the rule in this State is that if the vendee takes an absolute conveyance of property, and leaves the same in the possession of the vendor, it is prima facie evidence of fraud, but such prima facie presumption may be rebutted.

4. The true owner of personal property can lose his title thereto in favor of an innocent purchaser for value without notice, only where he "has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of the disposition of his property."

5. The prima facie presumption that the possession of the property by the vendor was fraudulent, and therefore void as to a subsequent bona fide mortgagee, is explained and rebutted under the facts stated in the first question propounded by the Court of Appeals.

6. The record of a duly attested retention-of-title note is constructive notice to a mortgagee, taking from the vendor a mortgage upon the property to which title is retained by him in such instrument, of the title of another, who may have previously taken in good faith and for value a transfer of such note and title, although at the time of the execution of the mortgage the vendor was in possession of the property; and the mortgagee takes subject to the title previously acquired by the holder of the outstanding retention-of-title note.

No. 4239.    June 16, 1924.

The Court of Appeals requested (in Case No. 14385) instruction from the Supreme Court upon the following questions, answers to which are necessary to a decision of this case:

"1.    Where one holding title to personal property sells it and takes from the purchaser a retention-of-title note for the purchase-money, but, under an arrangement with the purchaser, retains possession of the property and does not deliver it to the purchaser, and transfers the note and also the title to the property to a third person, who buys the note from him and acquires title to the property by reason of the transfer, but in ignorance of the fact that his transferor at the time had possession of the property and had not delivered it to the purchaser, will a fourth person, who afterwards takes from the original owner, who still has possession of the property, a chattel mortgage covering the property, when such fourth person in so doing has no notice of the title to the property in the transferee of the note, but has constructive notice from the record of the execution of the retention-of-title

note, be protected in his title thus acquired, as a bona fide purchaser for value, against the title of the person taking the transfer of the note? (See 24 Am. & Eng. Enc. Law (2d ed.), 1164, and cases there cited.)

"2. If the transferee of the note, instead of acquiring title to the property in ignorance of its possession by the transferor, in fact knew, at the time of taking the transfer of the note and the title to the property, that the property was at the time in the possession of the transferor and had not by the transferor been delivered to the original purchaser, would a different rule be applicable?"

*R. B. Blackburn,* for plaintiff in error.

*Etheridge, Sams & Etheridge,* contra.

HINES, J. 1. Where the owner of personal property sells it, takes the note of the purchaser for the purchase-price, in which he retains the title to the property until it is paid for, and thereafter transfers the note and the title to the property to a third person, the title to such property passes from the vendor to his transferee. *English* v. *Hill,* 116 *Ga.* 415 (42 S. E. 717); *Cade* v. *Jenkins,* 88 *Ga.* 791 (15 S. E. 292); *Townsend* v. *Southern Product Co.,* 127 *Ga.* 342 (56 S. E. 436, 119 Am. St. R. 340); *West Yellow Pine Co.* v. *Kendrick,* 9 *Ga. App.* 350 (71 S. E. 504); *Jordan Mercantile Co.* v. *Brooks,* 149 *Ga.* 157 (99 S. E. 289).

2. After such transfer the original vendor has no title or interest in the property. The seller can convey no greater title than he has himself. Civil Code (1910), § 4118. After such transfer of the title the vendor had no interest which he could mortgage to a third person. The purchaser would get no better title than the vendor had. His mortgage would create no lien upon such property, as he had no title or interest which he could mortgage. Such mortgagee would stand in the shoes of the mortgagor, and would be in no better position than the mortgagor. The mortgagee acquired no lien upon any interest in the property, as the mortgagor did not have any on which the mortgage could operate. No one can transfer a better title than he has, or mortgage property to which he has no title, or in which he has no interest, unless some principle of estoppel comes into operation against the person claiming under what would otherwise be the better title. 24 R. C. L. 373, §§ 662, 663.

3. What was the effect of the retention of possession of this property by the vendor under the undisclosed terms of the arrangement between him and the purchaser? Would this fact estop the assignee of the vendor from asserting his title to this property, which he acquired by the vendor's transfer to him of the purchase-money note and the title to the property therein retained, in ignorance of the fact that the original vendor at the time had possession of the property and had not delivered it to the purchaser, and when said note was duly executed, attested, and recorded? Many courts hold that the mere retention of possession of property by the vendor, after he has sold the same to another, is per se fraudulent and void as to a subsequent bona fide purchaser from him, and that a sale to such subsequent purchaser would defeat the title of the original purchaser. There are many authorities which hold that where the vendor of personal property is allowed by the vendee to continue in possession thereof, and thus to give a colorable appearance of continued ownership, the title of a subsequent bona fide purchaser from such vendor will be upheld as against the first vendee. 24 Am. & Eng. Enc. Law, 1164; Flanigan *v.* Pomeroy, 85 Minn. 264 (88 N. W. 761); Streeper *v.* Eckart, 2 Whart. (Pa.) 302 (30 Am. D. 258); Barr *v.* Reitz, 53 Pa. 256; Clow *v.* Woods, 5 Serg. & R. (Pa.) 275 (9 Am. D. 346); Babb *v.* Clemson, 10 Serg. & R. (Pa.) 419 (13 Am. D. 684); Miller *v.* Browarsky, 130 Pa. 372 (18 Atl. 643); Ticknor *v.* McClelland, 84 Ill. 471; Norton *v.* Doolittle, 32 Conn. 405; Weeks *v.* Prescott, 53 Vt. 57. The reason given for this rule is that such retention of possession permits innocent purchasers to be misled by the apparent ownership of goods, where the real ownership does not exist, through an undisclosed transfer to another; and that public policy requires that while the goods remain in the possession of the former owner, with the consent of the purchaser, they should, as to innocent purchasers, be treated as his property. Under this view the rights of innocent purchasers in such cases do not depend upon the actual title of the person with whom they deal, but are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power which, through negligence or mistaken confidence, he caused or allowed to appear to be vested in the person making the transfer or sale. McNeill *v.* Tenth Nat. Bk., 46 N. Y. 325 (7 Am. R. 341).

But such is not the rule in this State. The rule in this State, applicable alike in sales of real and personal property, is that if the vendee take an absolute conveyance, but nevertheless leave the property in the possession of the vendor, it is *prima facie* evidence of fraud. If a man convey his property absolutely, and yet is allowed to continue in possession as its apparent absolute, unqualified owner, this will be prima facie proof that the conveyance is fraudulent. Such possession is not *per se* fraud, but is *prima facie* evidence before the jury of fraud, and may be explained. *Peck* v. *Land, 2 Ga.* 1, 12 (46 Am. D. 368) ; *Spalding* v. *Grigg, 4 Ga.* 75, 85 ; *Fleming* v. *Townsend, 6 Ga.* 103, 105 (50 Am. D. 318) ; *Smith* v. *McDonald, 25 Ga.* 377 ; *Stephens* v. *Southern Cotton Oil Co., 147 Ga.* 410 (94 S. E. 245). In *Fleming* v. *Townsend,* Judge Nisbet said : "This point has been so often before this court, that I do not consider it an open question. Few, if any, courts have ventured to question that the retaining of possession, was *a badge of fraud.* The question has been, whether it was not *per se* a fraud, not susceptible of explanation, and which of itself would annul the sale. It has also been a question, as to what amount of explanation would remove the presumption of fraud from possession ; and whether courts should not lay their hand upon the matter, and adjudge, as a question of law, when the presumption was rebutted, rather than that the whole question of explanation should be left in the hands of the jury. That possession is a *mark* of fraud has not been doubted— certainly not since Twyne's case, in which it was resolved to be one. This court has adopted the rule, equally applicable to real and personal estate, to sales for valuable consideration, and to voluntary deeds, *that possession in the vendor, in case of an absolute sale, is prima facie evidence of fraud; that it may be explained; that the onus of explanation, after possession is proven, is upon the grantee; and that the question of fraud or not is submitted to the jury."*

In this State we have adopted the less drastic principle, that the true owner will lose his title in favor of an innocent purchaser for value without notice, only where he "has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of disposing of his property." Civil Code (1910), § 4119. The mere fact that the purchaser of personal prop-

erty leaves it in the possession of the seller is not evidence of the right of the former to sell it; nor does the purchaser, by permitting the property to remain in the possession of the seller, give to the latter the external indicia of the right of its disposition. There must be something more. As to what will furnish such indicia, see *Rosser* v. *Darden,* 82 *Ga.* 219 (7 S. E. 919). This being the rule in Georgia, was the prima facie presumption that the possession of the vendor was fraudulent, and therefore void as to a subsequent bona fide mortgagee, overcome under the facts stated in the first question propounded by the Court of Appeals? At the time the transferee took a transfer of the retention-title note and the title to the property therein embraced, he was ignorant of the fact that the vendor was then in possession of this property. Clearly then the transferee could not have entertained any intention of defrauding a subsequent purchaser of this property by its then possession by the vendor. We do not think that the transferee of the note and title would be guilty of fraud by his mere failure to inquire and inform himself of the then or subsequent possession of this chattel. The purchaser of the note and the transferee of the retained title would naturally and reasonably suppose that the vendee in the conditional contract of sale, which was duly executed and recorded, was in possession of the purchased property and would so remain. The due execution, attestation, and record of the contract of conditional sale presupposed, and was evidence of, both the sale and delivery of this property to the purchaser. We do not think that the transferee of the note was so lacking in the exercise of ordinary care in failing to inform himself as to the possession of the property as would render his negligence in this matter a fraud against any one who would, after his purchase of the note, take a mortgage on the property or buy it from the original seller. Under these circumstances we think that the presumption of fraud arising from the continued possession of the property by the original vendor was explained and rebutted; and this being so, the title of the transferee of the retention-of-title note and the title to the property therein embraced would be superior to a mortgage afterwards given by the vendor, although the mortgagee was an innocent purchaser for value and without actual notice of the claim of the holder of this note and the transferee of the retained title.

4. Was the mortgagee, under the facts, an innocent purchaser

for value without notice? He was without actual notice that the title to the property was in the transferee of the note. The retention-of-title note was duly attested and recorded. This gave the mortgagee constructive notice of all facts and information which the record of this instrument would furnish. Did the record of the sale contract give to the taker of the subsequent mortgage on this property from the vendor notice of the rights of the holder of this note, who bought the property from such vendor prior to the execution of the mortgage; and would such constructive notice subordinate the mortgage to the title thus acquired by the holder of the purchase-money note? Conditional sales, in order for the reservation of the title to be valid as against third parties, must be in writing and executed and attested in the same manner as mortgages on personal property. Civil Code (1910), § 3318. They must be recorded within thirty days from date, and in other respects are governed by the laws relating to the registration of mortgages. Civil Code (1910), § 3319. Mortgages, as against the interest of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the same property, take effect from the time they are filed for record. Civil Code (1910), §§ 3259, 3320. A purchaser or mortgagee from the vendee of personal property, which had been previously sold under a conditional contract of sale, properly executed and recorded, wherein the title is retained in the vendor until the purchase-price is paid, is bound to inquire whether the purchase-price is paid; otherwise the purchaser purchases, or the mortgagee takes his mortgage, at his peril. *McNatt* v. *Clarke,* 143 *Ga.* 159 (3) (84 S. E. 447); *First Nat. Bank* v. *Spicer,* 10 *Ga. App.* 503 (73 S. E. 753). So, clearly, the record of this instrument would protect the seller against the title or claim of any subsequent purchaser or mortgagee from the buyer. *English* v. *Hill,* 116 *Ga.* 415 (supra). Why should not the record of this instrument have the like effect to protect the transferee of the retention-of-title note and the title therein retained against a subsequent purchaser or mortgagee from the vendor therein? The record of such instrument was notice to the world that the owner of the property therein embraced had parted with his absolute dominion over it, that he could no longer deal with the property as his own except as to such interest as he had under the contract of conditional sale, and that he might have divested himself of

all title to or interest in this property by trading the note, negotiable in form, and by transferring the title to some innocent holder for value before due. The vendor in the conditional contract of sale, duly attested and recorded, could not sell the property and defeat the claim of his vendee thereunder. The person taking the mortgage from the vendor to such property, with constructive notice of the contract of conditional sale arising from the record of the instrument evidencing such sale, should have required the vendor to show that he still had possession of such instrument and had not transferred it to some innocent holder; and failing to do so, he took the risk of the vendor having transferred the note and his title to the property to an innocent third person. The object of the statute requiring the record of such instrument is to protect the vendee and vendor against each other, and the public against both. *Burkhalter* v. *Ector*, 25 *Ga.* 55; *Conder* v. *Holleman*, 71 *Ga.* 93; *Rhode Island Loco. Works* v. *Empire L. Co.*, 91 *Ga.* 639, 642 (17 S. E. 1012); *Merchants &c. Bank* v. *Cottrell*, 96 *Ga.* 168 (23 S. E. 127). The record of such instrument is notice to those who subsequently acquire some interest or right in the property under either of the parties to such instrument.

5. So we are of the opinion that both questions propounded by the Court of Appeals should be answered in the negative.

*All the Justices concur.*