### 17758.  DUMAS v. BARNESVILLE BANK.

Where, on the trial of a claim case, it appeared that the property was
levied on under a common-law execution and was found by the levying
officer in the possession of the defendant in fi. fa., and that the claimant
was a son of the defendant in fi. fa. and his claim was predicated upon
a bill of sale to the property, purporting to secure an indebtedness due
to the claimant by the defendant in fi. fa., which bill of sale was exe-
cuted after service of the suit upon the defendant in fi. fa. and only
five days before the rendition of the judgment on which the fi. fa. was
issued, and the only explanation of the transaction between the claim-
ant and the defendant in fi. fa. was the testimony of the claimant's
mother, the wife of the defendant in fi. fa., to the effect that he, the
claimant, loaned "some money" to his father, who "gave him this
paper . . to secure him," a verdict in favor of the plaintiff in fi. fa.
was authorized.

DECIDED MAY 12, 1927.

Claim; from Lamar superior court—Judge Persons. Septem-
ber 18, 1926.

*B. H. Manry,* for plaintiff in error.  *Claude Christopher,* contra.

BELL, J.  This was a claim case which originated in a justice's
court and which was tried on appeal in the superior court.  The
jury found in favor of the plaintiff in fi. fa., and the claimant
excepted to the overruling of his motion for a new trial, containing
the usual general grounds only.  The plaintiff in fi. fa. brought
its action in the justice's court against John Dumas on a promis-
sory note, in which suit judgment was rendered for the plaintiff
on April 4, 1924, the defendant, presumptively, having been served
on or before March 24, 1924.  The execution which was issued
upon the judgment was levied upon two mules, the entry of levy
showing that the property was found in the possession of the de-
fendant in fi. fa.  There was introduced in evidence in behalf of
the claimant a bill of sale made by the defendant in fi. fa. to his
son, Charlie Dumas, the claimant, covering the two mules in ques-
tion.  This bill of sale was executed on March 29, 1924, and pur-
ported to secure an indebtedness of $800 as evidenced by a note of
even date, payable to the claimant and signed by the defendant in
fi. fa.  The only witness sworn was the claimant's mother, the
wife of the defendant in fi. fa.  She testified: "My son Charlie
Dumas lives in Dayton, Ohio, and has been for the past three years.
He loaned his father, John Dumas, some money and John Dumas

Executions, 23 C. J. p. 602, n. 27; p. 603, n. 57.
New Trial, 29 Cyc. p. 824, n. 41.

gave him this paper (which was exhibited to the witness) to secure him. The mules levied upon in this fi. fa. are the same mules that are described in this paper. My son, Charlie Dumas, sent me this paper and instructed me to file the claim to the mules for him after they were levied upon by the sheriff. I was sworn as a witness on the trial of this case in the justice court, and John Dumas was also sworn. Charlie Dumas has lived in Dayton since 1923. John Dumas bought the mules, and they have been in his possession all the time, but we all worked and paid for them. I did not know that John had been sued until the mules were levied upon by the sheriff."

It being shown by the entry of levy that the defendant in fi. fa. was in possession of the property at the time of the levy, the burdent of proof rested upon the claimant, and in order to carry this burden it was necessary for him to show, among other things, that he acted in good faith in the transaction between him and the defendant in fi. fa.

On the trial of a claim case, where the issue is the bona fides of a transfer of property by the defendant in execution to the claimant, and where there are circumstances which, if not satisfactorily explained, may be regarded as badges of fraud, the findings of the jury on such issue can not be disturbed by this court on the general grounds only. Here the sequence of events and the relations of the parties were sufficient "badges of fraud" to make a case for determination by the jury. The evidence authorized the verdict, and the court did not err in refusing a new trial. *Parsons* v. *Smith,* 119 *Ga.* 42 (2) (45 S. E. 697) ; *Kelley* v. *Stovall,* 138 *Ga.* 186 (75 S. E. 6) ; *Smith* v. *Hinkle,* 136 *Ga.* 809 (72 S. E. 345) ; *Stephens* v. *So. Cotton Oil Co.,* 147 *Ga.* 410 (3) (94 S. E. 245) ; *Salsbury* v. *McNure,* 30 *Ga. App.* 81 (116 S. E. 666) ; *Greene* v. *Matthews,* 31 *Ga. App.* 265 (6) (120 S. E. 434) ; *Patterson Co.* v. *Peoples Loan & Savings Co.,* 158 *Ga.* 503, 507 (123 S. E. 704).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*