18597.  CHATTANOOGA FINANCE CORPORATION *v.* BITTING.

JENKINS, P. J.  1. The object of the statute requiring the record of a contract of conditional sale reserving title is to protect the vendor and the vendee against each other, and the public against both. The record of such an instrument is notice to the world that the owner of the property has parted with his absolute dominion over it, but retains the title as security for his debt, and of every fact which might be ascertained from an inquiry which the record properly suggests. Civil Code (1910), § 4530. Accordingly, not only does the record of such an instrument protect the vendor against the claim of any subsequent holder under his vendee, but in a case where the record indicates the negotiable character of the instrument it also protects a transferee of the retention-of-title note, and the title therein retained, against a subsequent

purchaser from the vendor, for the reason that a person seeking to acquire the property from the vendor should require the vendor to show that he still has possession of the negotiable instrument, and has not transferred it to some third person. *Patterson Co.* v. *Peoples Loan & Savings Co.*, 158 *Ga.* 503, 509, 510 (123 S. E. 704). Where, however, all that the record discloses is that the vendee of the property owes a stated portion of the purchase price, and that the title to the property is reserved in the vendor until the purchase price is fully paid, and there is nothing to indicate or suggest that the vendee has executed a negotiable note for the unpaid purchase price, there is nothing to put on inquiry a purchaser from the vendor in possession of the property as to the rights of any one who might claim as the transferee of an undisclosed negotiable instrument. In such a case an innocent purchaser from the vendor in possession is only bound to inquire into the respective claims of the vendor and the vendee under the recorded instrument.

2. This was a suit in trover, brought by the transferee of the purchase-money notes given by the original vendee of the automobile sued for, against one who subsequently purchased the automobile, in good faith and without notice, from the original vendor, while the latter was in possession of the property. The original sale contract and the original purchase-money notes were not recorded. All that was recorded was a mere statement that the vendee of the property owed a stated portion of the purchase-price, and that the title to the property was retained by the vendor until the purchase price was fully paid, which recorded instrument, it appears from the record, was retained by the vendor. Irrespective of whether or not an issue was made by the evidence as to the agency of the original vendor to repossess the property and resell it for the account of the plaintiff, under the principles of law set forth in the foregoing division of the syllabus, a verdict for the defendant was demanded, and the court did not err in directing a verdict in his favor.      *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 29, 1928.

*S. W. Fariss, Willingham, Wright & Covington,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.