## CRANDALL *v.* SHEPARD *et al.*

1. The court erred in sustaining the demurrers to the defendant's answer and in dismissing the same.
2. The court erred in directing a verdict.
3. In its very nature fraud is subtle, and its existence may be proved by circumstances. Whether a note or other writing was procured by fraud is a question of fact for the determination of a jury. The allegations of the answer upon the subject of fraud in the present case are amply sufficient, if proved as alleged, to establish the fact that the note in question was obtained by fraud.
4. The purchaser of a past-due note takes it with notice of its dishonor and subject to any defense which could be pleaded as against the original payee; and fraud in the procurement of a note is an available defense in behalf of the maker against one who has purchased it with full knowledge of the fraud perpetrated upon the maker.
5. "Any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, will discharge him" (Civil Code of 1910, § 3544), and a new promise to pay the obligation, made by a surety in ignorance of the fact that he has been released and discharged, is not binding.
6. The facts stated with reference to the execution of the notes in renewal of the original note made by the defendant do not constitute a novation. *American Mortgage Co.* v. *Rawlings,* 127 *Ga.* 82 (56 S. E. 110).
7. "A written document may, by parol or other extrinsic evidence, be

shown not to be a contract at all, because of the non-performance of a condition precedent as to which the writing is silent. Accordingly, it may be shown by parol or other extrinsic evidence that the writing is not a valid or enforceable legal obligation because it does not possess finality of utterance as a completed, all-comprehensive, and presently operative embodiment of the entire agreement of the contracting parties." *Heilmann* v. *Commercial Bank*, 6 *Ga. App.* 584 (3) (65 S. E. 590); Burke *v.* Dulaney, 153 U. S. 228, 234 (14 Sup. Ct. 816, 38 L. ed. 698.

No. 6275. SEPTEMBER 19, 1928.

Equitable petition. Before Judge Malcolm D. Jones. Peach superior court. September 16, 1927. See ante, 396.

*Duncan & Nunn, Brown & Brown, Mathews & Houser,* and *Brock, Sparks & Russell,* for plaintiff in error.

*Herbert Vining, Park & Strozier, Hall, Grice & Bloch,* and *G. B. Culpepper Jr.,* contra.

RUSSELL, C. J. To the answer as amended the plaintiff filed demurrers, general and special, addressed to every feature of the case. These demurrers cover many pages of the typewritten record. It is doubtful if legal skill or human ingenuity could suggest an addition to the multiplicity of objections urged, not only to want of specific specification in the allegation of each and every paragraph, but also in the presentation of the contention that the answer as a whole fails to set forth any defense whatever. We shall not attempt to quote or refer to each and every one of these numerous objections. It suffices to say that the answer could not properly be dismissed upon general demurrer, and that the special demurrers, so far as meritorious, were met by the amendments offered by the defendant. Many of the special demurrers present nothing for the consideration of the court, because they fail to point out what additional information was sought, or wherein and whereby the paucity of allegation in any way hampered or prevented the plaintiff in his legal right to be informed as to evidence which it would devolve upon him to rebut. We shall deal first with the general demurrer. Can it be said that the defendant, under the allegations of her answer, had no defense to the suit upon the two notes given by her in renewal of the original note? This original note was not given to the plaintiff in this case. On its face his name does not appear either as maker, indorser, or security. No liability can attach to the plaintiff if he was a bona fide holder of the original note. Being such a holder of the original note, he would have the right to

have it renewed, and he would have the right to maintain an action to recover upon any renewal of this original note, regardless of any act on the part of the payee, the sureties, or the original maker. It would be a matter of no concern to him, if he purchased the note before its maturity, whether it was without consideration. But in the case now before us it is pleaded that the plaintiff did not procure the original note until after its maturity. This allegation of itself would present room to let in any defense to which the note would be subject in the hands of the original payee. For the purposes of demurrer it is admitted to be true that the plaintiff was not the owner of the note until the face of the paper itself disclosed its dishonor. With this allegation alone in the answer, and admitted to be true, it becomes necessary to inquire of the relation of the original note to the renewal notes which are the subject of this suit. If there is no connection between the two, Mrs. Crandall has no defense. What are the allegations of the answer as to this?

Mrs. Crandall alleges that she renewed the notes only upon the express condition that each and all of the sureties who shared her liability on the original note should again join her in sharing this liability. This raises a question of fact as to whether all of the sureties on the original note did sign the note in suit, or whether the note was delivered to Shepard or taken by him. In other words, whether there was delivery on the part of Mrs. Crandall of the note now sued upon in accordance with the condition upon which she signed it. But in advance of the trial, and upon demurrer, it is admitted, as the face of the note itself shows, that neither G. D. Hartley nor the Interlocking Toggle Rim Company appears upon the note now in suit. Where a party signs only upon condition that certain others are to share his liability, no matter in what capacity, whether as maker or surety, this person is not bound either as maker or surety, as the case may be, unless the restrictive condition precedent to his agreement to sign the obligation is literally complied with. This has been held in this State, and many decisions of the Supreme Court of the United States enforce the doctrine in strong language. In advance of a trial there can be no denial of the statement of Mrs. Crandall upon this point. What connection is there between the original note and the renewal in suit? Taking the facts as stated, the original note was given for a specific purpose. Solely for the reason that Mrs. Crandall was

a stockholder in the rim company, which, though stated to be in a very prosperous condition, needed for a short time ready money to enable it to hold a very valuable contract, and upon the assurance that certain persons, including George D. Hartley, who was at that time a man of large financial means (or currently believed to be such) did Mrs. Crandall consent to become a surety. This note was executed for the purpose of enabling the rim company to get money on the indorsement of George D. Hartley; and yet we find that Hartley's name as an indorser was stricken off the note, the debt to the Davenport Manufacturing Company was discharged, and the note which was given for one purpose and one only was transferred by Hartley to the plaintiff in this case, it is said, in order to discharge a $15,000 debt for a fee, and the defendant charges that this is a mere pretense, for the reason that a fee of that size is out of proportion with the services rendered by the plaintiff as an attorney. This is utterly immaterial. The only question is presented by the allegation of the answer that the plaintiff took the original note with full knowledge of the circumstances under which Mrs. Crandall signed the original note; that he knew it was past due at the time he took it; that he knew that the name of the surety upon whom Mrs. Crandall relied for protection and contribution in case she became liable upon the paper had been stricken from the note without her knowledge. He knew the condition of the Interlocking Toggle Rim Company. He knew that it was practically insolvent at the time. Knowing of these facts, was the plaintiff a bona fide purchaser of the original note upon which the renewal depends? It may be that none of the allegations in the answer are true; but it is our opinion that if the defendant establishes by proof what for purposes of demurrer is conceded, she should be relieved from the payment of this note.

The rulings in headnotes 3, 4, 5, 6, and 7 do not require elaboration. After the court had sustained the demurrers and dismissed the answer of the defendant the direction of the verdict followed as a matter of course. However, the error of the court in dismissing the answer rendered all further proceedings nugatory.

*Judgment reversed. All the Justices concur, except Hill, J., disqualified.*