19774. VERNER *v.* McLARTY, Executor, *et al.*
19799. McLARTY, Executor *v.* VERNER *et al.*

ARGUED JULY 9, 1957—DECIDED SEPTEMBER 6, 1957.

*Marion A. Sams*, for plaintiff in error.

*Eugene R. Simons, Alford Wall, Wall & Maddox*, contra.

*Eugene R. Simons*, for plaintiff in error on cross-bill.

*Marion A. Sams, Alford Wall*, contra.

HEAD, Justice. 1. Where parties depart from the terms of a contract and receive or pay money under the departure, reasonable notice must be given to the other party of the intention to rely upon the exact terms of the contract before there can be any recovery for failure to comply with its exact terms. Until notice, such departure is a quasi new agreement. Code § 20-116; *Eaves & Collins* v. *Cherokee Iron Co.*, 73 *Ga.* 459; *Hasbrouck* v. *Bondurant & McKinnon*, 127 *Ga.* 220 (56 S. E. 241); *McNatt* v. *Clarke Bros.*, 143 *Ga.* 159, 160 (84 S. E. 447); *Kennedy* v. *Walker*, 156 *Ga.* 711, 712 (3) (120 S. E. 105).

In the present case the petition and exhibits show that the deceased, J. L. MeYere, acquired the equity of redemption remaining in Victor R. Yates, after the execution of the two deeds to secure debt described in the petition, on January 25, 1954. Count one of the petition as amended alleges that the first payment made by the deceased after he acquired the interest of Yates was on February 12, 1954; that no subsequent payment by the deceased was made on the due date; that all payments were made days after the due date; that in two instances the payments were not made until the 16th day of the month, and that the last payment made by the deceased before he died was on April 12, 1956. The allegations of fact of count one, which must be considered as true for the purposes of the general demurrer, show such a mutual departure from the original contract as would entitle the deceased to reasonable notice of the intention to return to the terms of the contract before declaring the entire debt due, and advertising the property for sale. *Byrd* v. *Prudential Ins. Co. of America*, 182 *Ga.* 800 (3) (187 S. E. 1).

A deed to land to secure debt and the note executed in con-

nection therewith may be transferred and assigned. *Hightower* v. *Haddock*, 153 *Ga.* 160 (111 S. E. 413); *Redwine* v. *Frizzell*, 184 *Ga.* 230 (190 S. E. 789). A purchaser who acquires such note after default as to one of its instalments is not a holder in due course, but takes the instrument with notice of its dishonor, and subject to any defense or equity which could be pleaded as against the original payee. Code §§ 14-502, 14-508; *Crandall* v. *Shepard*, 166 *Ga.* 889 (144 S. E. 772); *Beasley Hardware Co.* v. *Stevens*, 42 *Ga. App.* 114 (155 S. E. 67); *Archibald Hardware Co.* v. *Gifford*, 44 *Ga. App.* 837 (163 S. E. 254).

In the deed to secure debt from Yates to DeKalb County Federal Savings & Loan Association it is provided that, upon failure "to pay any instalment due on said indebtedness within thirty days after the same matures," the grantee or its assigns may "without notice, declare the entire indebtedness due." There having been such a mutual departure from the exact terms of the contract between MeYere and DeKalb County Federal Savings & Loan Association as to require notice by the association of its intention to rely upon the exact terms of the contract, Verner, as purchaser after default, could not declare the entire indebtedness due and payable because of the default existing at the time the note and deed were assigned to him.

2. Under the powers contained in a deed to secure debt, authorizing sale after "first giving four weeks' notice of the time, terms, and place of such sale, *by advertisement once a week* in a newspaper published in said county [italics ours]," a sale may be made without reference to the number of days which may elapse between the day of the first advertisement and the day of sale. *Smith* v. *Associated Mortgage Cos.*, 186 *Ga.* 121 (197 S. E. 222); *Heist* v. *Dunlap & Co.*, 193 *Ga.* 462 (18 S. E. 2d 837).

In the present case the deed to DeKalb County Federal Savings & Loan Association provides that, in case of default, the association, its successors or assigns, may sell the property at public auction before the courthouse door of the county "after first giving four weeks' notice of the time, place and terms of the sale in some newspaper published in said county, all other notice being hereby waived." The power of sale does not provide for four weeks' notice "by advertisement once a week" for four

weeks, so as to bring the authority granted within the rules applicable to judicial sales under Code § 39-1102, and as construed and applied by this court in *Smith* v. *Associated Mortgage Cos.*, supra, and similar cases.

In *Plainville Brick Co.* v. *Williams*, 170 *Ga.* 75, 80 (152 S. E. 85), it was said: "If the provision relating to advertising had been merely giving four weeks notice of the time, etc., it would seem to be plain that the sale must have been advertised at least 28 days, or four weeks of seven days each." Powers of sale in deeds to secure debt are matters of contract, and they must be strictly construed, and will be enforced as written. Code (Ann.) § 37-607. In the present case the contract provides for four weeks' notice. Such a requirement has been construed by this court. In *Conley* v. *Redwine*, 109 *Ga.* 640, 643 (35 S. E. 92, 77 Am. St. R. 398), it was held in part: "Prior to the passage of the act of 1891, when the law required sheriff's sales to be advertised for four weeks, it was held that the word 'week' meant a period of time consisting of seven days, and that to comply with the law it was necessary that twenty-eight days should elapse between the date of the first advertisement and the date of the sale; . . ." See also *Boyd* v. *McFarlin*, 58 *Ga.* 208; *Carter* v. *Copeland*, 147 *Ga.* 417 (94 S. E. 225).

The first advertisement appeared on June 8, and the purported sale was had on July 3. Only 25 days elapsed between the date of the first advertisement and the date of sale, and this was insufficient to comply with the contract. A power of sale must be executed in accordance with the intention of the parties as indicated in the provision conferring the power. *Cadwell* v. *Swift & Co.*, 174 *Ga.* 313 (162 S. E. 814).

3. The deed to secure debt from Yates to Bostick, under the terms of which Verner purported to sell the property, was transferred to Verner by the following assignment: "For value received the undersigned M. P. Bostick hereby grants, bargains, assigns and conveys unto Harry Verner all his right, title and interest in and to the within security deed, recorded in deed book 2131, page 532, Fulton County Deed Records, conveying the property at No. 1074 Memorial Drive, S. E., Atlanta, Georgia; together with the note to secure which said deed was given."

The debt described in the deed is "one note in the amount of $4400 payable $48.85 per month, beginning May 1, 1952, and on the 1st day of each month thereafter, until principal and interest have been paid in full." It is then provided: "In case this debt is not paid promptly when due, I authorize said second party, its successors or assigns, at option, to sell said described property at public outcry before the court house door in Fulton County, Georgia." The deed does not provide that the terms and conditions of the note are a part of the contract as if incorporated in the deed; and if there should be a conflict between the deed and the note as to terms and conditions, the terms of the deed would control. *Bank of LaFayette* v. *Giles*, 208 *Ga.* 674, 678 (69 S. E. 2d 78). The deed from Yates to Bostick contains no acceleration clause in case of default of any monthly instalment, nor does the deed provide that time is of the essence of the contract. Under these facts, there could be no valid exercise of the power of sale, since the debt was not due and could not properly be declared to be due.

The purported sale of the property by Verner to himself conveyed no title, and McLarty, as the personal representative of the deceased, had the right to disapprove the purported sale. *Burgess* v. *Simmons*, 207 *Ga.* 291 (61 S. E. 2d 410).

4. In the petition filed by Verner against Wall Brothers Realty Company, in the nature of an action for a deficiency judgment, to require payment to him of certain rents held by the realty company, it is nowhere alleged that the purported sale of the property before the courthouse door had been confirmed in the manner provided by law; and, in the absence of such an allegation, Verner's action against the realty company could not be maintained. Code § 37-608; *Powers* v. *Wren*, 198 *Ga.* 316, 321 (31 S. E. 2d 713).

5. Under the rule that equity will not require a useless formality, a tender is unnecessary when the person to whom the tender would be made states that it will be refused if made. *Bank of LaFayette* v. *Giles*, 208 *Ga.* 674, supra. In the present case the allegations of the petition are sufficient to withstand the demurrers for failure to make a tender, and the court properly overruled the general demurrers to count one.

In so far as the special demurrers to count one may have been meritorious, they were met by amendment.

6. Count two of the petition alleges that the advertisement of sale did not show how the property was to be sold, and that the advertisement was too vague and indefinite. The demurrers to this count of the petition were properly sustained.

*Judgment affirmed on both the main bill and cross-bill of exceptions. All the Justices concur.*