ROSSER, ARMISTEAD & COMPANY *vs.* DARDEN.

The evidence showing that Darden raised cotton and turned it over to English, with the understanding and agreement between them that English was to ship it in his own name to a commission merchant, and it was so shipped to plaintiffs in error; that English was indebted to them at the time it was so shipped, and when they received the cotton, they sent him, at his request, more money with which to buy cotton to be shipped to them; and that they sold Darden's cotton and accounted to English for the proceeds of the sale, knowing nothing of Darden in the transaction, having never heard of him, or that the cotton belonged to him; a verdict in favor of Darden against plaintiffs in error for the value of the cotton was not warranted by the evidence.

(*a*) Where a principal agrees that the agency may be concealed, third parties contracting with the agent will be entitled to all the equities and all the defences which they would have had against the agent, just as if he were the real principal.

(*b*) Where one gives to another such evidence of the right of selling the goods of the former as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external *indicia* of the right of disposing of his property, he loses the right of following it; a sale to a fair purchaser divests the first title, and the authority to sell, whether real or apparent, is good against him who gave it, though the confidence of the principal be abused by the possessor of such *indicia*.

November 5, 1888.

Verdict. Principal and agent. New trial. Custom. Vendor and purchaser. Before Judge VAN EPPS. City court of Atlanta. March term, 1888.

Reported in the decision.

L. Z. ROSSER and J. A. ANDERSON, for plaintiffs in error.

CANDLER, THOMSON & CANDLER, contra.

SIMMONS, Justice.

It appears, from the record in this case, that Darden raised twelve bales of cotton on his farm, which he carried to Milner and stored in the "Empire Warehouse." He then turned it over to English, a merchant and cotton buyer of Milner, with the understanding and agreement between him and English, that English was to ship it in his own name to a commission merchant in Atlanta. He agreed to this because he thought English could get a better price for it if shipped in English's name. English accordingly shipped the cotton in his own name to the plaintiffs in error, taking the bill of lading in his own name and sending a duplicate thereof to the plaintiffs in error. English was indebted to the plaintiffs in error at the time the cotton was shipped to them. When they received the cotton, they sent English, at his request, $1,000 more, with which to purchase other cotton to be shipped to them. They sold Darden's twelve bales of cotton, and accounted to English for the sale thereof. English subsequently failed, by reason of his storehouse and goods having been consumed by fire. The plaintiffs in error, in these transactions, knew nothing of Darden, had never heard of him or that this cotton belonged to him, and dealt only with English. Darden brought this action against the plaintiffs in error for the proceeds of the cotton, and the jury returned a verdict in his favor for the same. The plaintiffs in error moved for a new trial upon several grounds; the motion was overruled, and they excepted.

Among the grounds taken in the motion was, that the verdict was contrary to the evidence. While the law seems to be well-settled that a principal may take advantage of any contract made by his agent, whether the agency is disclosed or undisclosed, we do not think that the rule, pure and simple, applies to this case, under the facts as disclosed by this record. While the facts show that English was the agent of Darden, they show further that, by agreement, this agency was to be concealed from third parties, the cotton being shipped in the name of English in order that a better price might be obtained. We think that where a principal agrees that the agency may be concealed, the rule above announced applies with this qualification, that third parties contracting with the agent would be entitled to all the equities and all the defences which they would have had against the concealed agent, the same as if they had treated with him as principal. Code, §2204. In this case, the plaintiffs in error had no knowledge of the principal, nor could they have had if they had inquired of English, the agent; because, as before said, it was the agreement that his agency should be concealed. It would be wrong, in our opinion, to allow the principal, after he has authorized his agent to sell and receive the proceeds of sale, and after the proceeds of the sale have been paid to his agent, and the agent has failed, to recover the money from third parties, without allowing the third parties their defences against such concealed agent. The record shows that Darden voluntarily clothed English with the apparent ownership and the authority to sell this cotton and to receive the proceeds thereof. Where an owner has, by his own voluntary act or consent, given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually ac-

companies the authority of disposal, or has given the external *indicia* of the right of disposing of his property, he loses the right of following it. "However the possessor of such external *indicia* may abuse the confidence of his principal, a sale to a fair purchaser divests the first title, and the authority to sell so conferred, whether real or apparent, is good against him who gave it." Note to Williams *vs.* Merle, 25 Amer. Decis. 611 and 612. See also, 15 East, 1st Ed. 38; George *vs.* Claggett, Smith's Lead. Cas., vol. 2, part 1, 118, and notes. Code, §2204.

The verdict, therefore, was contrary to the evidence. It is unnecessary to discuss the other grounds of the motion for a new trial.

Judgment reversed.