## 8785. KIRKPATRICK HARDWARE COMPANY v. HAMLET.

1. Under the law of this State, "an action of assumpsit for money had and received will not lie, unless the property of the plaintiff has been converted into money, or that which is its equivalent; and the consumption of the property by the defendant is not sufficient to authorize this remedy." Compare *Spencer* v. *Hewett*, 20 *Ga.* 426; *Barlow* v. *Stalworth*, 27 *Ga.* 517.

2. "Where one wrongfully takes the personal property of another and converts the same to his own use in some other manner than by a sale, and does not receive any money therefor, the owner has a right of action ex delicto against such wrong-doer, and is restricted to this form of action." He can not in such a case waive the tort and sue upon an implied contract, "for the reason that, until the wrong-doer has received money [or that which is its equivalent] to which the owner of the property is entitled, there can be no . . implied promise to pay

money." *Cragg Arendale,* 113 *Ga.* 181 (4), 182 (38 S. E. 399); *Southern Ry. Co.* v. *Born Steel Range Co.,* 122 *Ga.* 658 (2) (50 S. E. 488); *Woodruff* v. *Zaban,* 133 *Ga.* 24 (65 S. E. 123, 134 Am. St. R. 186, 17 Ann. Cas. 974); *Southern Ry. Co.* v. *Roberson,* 136 *Ga.* 146 (71 S. E. 129); *Cherokee Graphite &c. Co.* v. *Central Ry. Co.,* 17 *Ga. App.* 52 (86 S. E. 258).

3. A consumption of personal property wrongfully taken, which results from the mere use of it, is not a conversion of it into money, or that which is its equivalent, under the law of this State. See *Barlow* v. *Stalworth,* supra.

4. An exception to the general rule, recognized by the courts of this State, arises where the property converted was acquired *rightfully,* or by virtue of *a contract between the parties;* in which case the tort may be waived and the owner may sue in assumpsit, even though the property has not been converted into cash, or that which is its equivalent, by the wrong-doer. Compare *Bates* v. *Bigby,* 123 *Ga.* 727 (51 S. E. 717); *Rhodes Furniture Co.* v. *Freeman,* 2 *Ga. App.* 473 (58 S. E. 696).

5. The Supreme Court has refused to overrule the decisions in *Spencer* v. *Hewett, Barlow* v. *Stalworth,* and *Cragg* v. *Arendale,* supra (see *Woodruff* v. *Zaban,* and *Southern Ry. Co.* v. *Roberson,* supra); and while the general rule obtaining in a majority of States may be a more reasonable one, this court is bound by the decisions of the Supreme Court. Nothing in *Farmers &c. Bank* v. *Bennett,* 120 *Ga.* 1012 (48 S. E. 398), *Buchanan* v. *McClain,* 110 *Ga.* 477 (35 S. E. 665), and *Reynolds* v. *Padgett,* 94 *Ga.* 347 (21 S. E. 570), is in conflict with the rule so firmly fixed in the law of this State. The statement by Justice Simmons in *Reynolds* v. *Padgett,* supra, refers to the general rule obtaining elsewhere.

6. The present action is a suit upon an implied contract for the value of personal property wrongfully taken and converted to the use of the defendant, otherwise than by a conversion of it into money or the equivalent of money; and the suit was properly dismissed upon demurrer. It follows that the appellate division of the municipal court of Atlanta erred in overruling the decision of the trial judge of that court, and the judge of the superior court erred in overruling the petition for certiorari, brought to review the judgment of the appellate division.

DECIDED AUGUST 3, 1917.

Certiorari; from Fulton superior court—Judge Bell. March 28, 1917.

*Nathan Coplan,* for plaintiff in error.

*McClelland & McClelland,* contra.

GEORGE, J. The basement under Hamlet's barber-shop was occupied by the Kirkpatrick Hardware Company. In the basement was a large electric light, connected with the meter in Hamlet's shop, and for several years the current for the light in the basement was supplied through his meter. In March, 1916, this fact

was discovered, and Hamlet filed suit against the hardware company for the value of the current consumed during the four years preceding the filing of the suit. Counsel for the plaintiff properly characterized the action as "a suit upon an implied contract for the market value of the current consumed by the hardware company." The judge of the municipal court of Atlanta, before whom the case was tried, dismissed the petition upon demurrer. An appeal was taken to the appellate division of the municipal court, and the judgment of the trial judge reversed. A petition for certiorari was presented to the judge of the superior court, and upon the hearing the judgment of the appellate division of the municipal court of Atlanta was affirmed. The Kirkpatrick Hardware Company excepted.

The rulings governing the case are stated in the headnotes.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*