## 12203. KNIGHT v. METTS.

BLOODWORTH, J. 1. The petition in this case alleged that the plaintiff owned certain shares of stock in a corporation, which were represented by a certificate of stock of a certain number, the value of which was stated; that this certificate of stock was loaned to the defendant for purpose of being used as collateral by him to secure a temporary loan, and was to be returned to her when it had served its purpose, which she was assured would be in a short time; that he thus by deception and fraud obtained possession of her certificate of stock, appropriated it to his own use, and refused to deliver it to her on demand. The allegations of the petition made this an action of trover, and it was not subject to the general demurrer filed. *Small* v. *Wilson*, 20 *Ga. App.* 674 (2-4) (93 S. E. 518); *Harrell* v. *Attaway*, 18 *Ga. App.* 269 (89 S. E. 347); *Phelan* v. *Vestner*, 125 *Ga.* 825, 826, 827 (54 S. E. 697); *McNorrill* v. *Daniel*, 121 *Ga.* 78, 79 (48 S. E. 680); *Kirkpatrick Hardware Co.* v. *Hamlet*, 20 *Ga. App.* 719 (93 S. E. 226), and cases cited.

(a) In the bill of exceptions it is stated that " according to admissions of her counsel in open court," this is " a suit for money had and received." However, in passing on demurrers, only the petition and the demurrer are to be considered, and not oral admissions. In *Hicks* v. *Beacham*, 131 *Ga.* 89 (2) (62 S. E. 45), the Supreme Court held that " Oral admissions of fact by a party or his counsel are not proper matters for consideration in passing on a demurrer to pleadings, or a motion to dismiss in the nature of a demurrer." See also *Griffin* v. *Russell*, 144 *Ga.* 277 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994).

2. This being an action of trover, the judge did not err in refusing a request to charge which was applicable only to a suit for money had and received.

3. There is ample evidence to support the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
DECIDED NOVEMBER 18, 1921.

Trover; from Laurens superior court. — Judge Kent. December 4, 1920.

*M. H. Blackshear, J. W. Harrell,* for plaintiff in error.