13977.   WASHINGTON LOAN & BANKING CO. *v.* STANTON *et al.*

STEPHENS, J. 1. "An agent entrusted by the owner with possession of a properly indorsed past-due promissory note, for the purpose of collection only, cannot convey a good title thereto, as against his principal, by a sale and delivery of the note to one taking without actual notice that the agent is only empowered to collect." 157 *Ga.* 885 (123 S. E. 612) — (answer to a certified question propounded in this case).

2. One who has no title in himself may nevertheless, as agent for the owner, convey title. So one entrusted by the owner or payee with a past-due promissory note, although the person entrusted has no title to the note, may nevertheless, as the authorized agent of the owner having title, sell the note to another.

3. Where a person entrusted by the payee with a past-due promissory note sells the note and applies the proceeds thereof to his own use, a failure of the payee who is the owner. of the note, after having been informed by the person entrusted therewith that the latter has renewed the note with the maker, taking the renewal in his own name, and has sold the same to a certain bank, to object to the transaction, is evidence of an admission upon the part of the payee that the person entrusted with the past-due note, although he had no title thereto, was nevertheless the payee's agent to sell the note and apply the proceeds to the agent's own benefit. *Brooke* v. *Cunningham,* 19 *Ga. App.* 21 (5) (90 S. E. 1037); Civil Code (1910), § 5741.

4. Where a person is under circumstances where he cannot reply to a charge made in his presence, as when in the court-house listening to testimony of a witness upon the stand, his silence is not evidence of an admission of the truth of the charge.

5. Declarations by such agent to the cashier of the bank through whom the note was sold to the bank, made at the time of the sale and as part of the transaction, that the agent had authority from the owner to sell the note, are admissible as part of the res gestæ and as corroborative of evidence as to agency.

6. In a suit against the payee of the note by the bank which bought it from the person to whom it was entrusted, where, under the above rulings, it was inferable from the evidence that the plaintiff had bought

the note from the authorized agent of the defendant, it was error to award a nonsuit.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1924.

Complaint; from Wilkes superior court—Judge Shurley. August 7, 1922.

*Colley & Colley,* for plaintiff.   *W. A. Slaton,* for defendant.