## 18319.  MILES et al. v. SMITH et al.

1. An agency to sell does not necessarily carry with it authority to collect. The agent must act within the authority granted him, and persons dealing with any agent appointed for a particular purpose are bound to inquire as to the extent of his authority.

2. Since the undisputed evidence shows that the plaintiffs delivered the goods as shown by the bill of lading, that the defendants received the goods, that the plaintiffs never received payment therefor, that the agent had no authority to collect for plaintiffs, and that the defendants paid the agent for the goods without authority or ratification by the plaintiffs, the verdict for defendant was unauthorized by the evidence, and the court erred in overruling the motion for a new trial.

DECIDED JANUARY 10, 1928.·

Complaint; from Bryan superior court—Judge Daniel. June 8, 1927.

J. B. Moore, for plaintiffs.    J. P. Dukes, for defendants.

LUKE, J.  E. E. Miles, R. M. Dunn, W. D. Dunn, and G. W. Dunn, as copartners doing business under the firm name of Pine Grove Stave Company, brought suit against A. G. and L. W. Smith on an open account for $178.75, the price of 325 bundles of barrel staves at 55 cents per bundle, alleged to have been sold to the defendants June 24, 1926.  L. W. Smith pleaded that A. G. Smith died in December, 1926, and that he, L. W. Smith, had never purchased any staves from the plaintiffs, but did in 1926, purchase from one F. N. Rushing 375 bundles of staves, and on the 9th of November 1926, paid Rushing for the staves.  The jury rendered a verdict for the defendants; the plaintiffs made a motion for a new trial, which was overruled, and the plaintiffs excepted.

In view of the note of the trial judge, included in his order overruling the motion for a new trial, which is a part of the certified record before us, the special grounds of the motion show no cause for a reversal. · On the general grounds a reversal is required, as the verdict for the defendants was unauthorized by the evidence. The record shows that the defendants paid Rushing for the staves, and the controlling question for determination by the jury was whether or not, under the evidence, the defendants had a legal right to pay Rushing for the goods, and whether or not the plaintiffs were bound by such payment.  Since questions of fact on which the evidence is conflicting are for the exclusive determina-

Agency, 2 C. J. p. 607, n. 5; p. 880, n. 69.
Sales, 35 Cyc. p. 574, n. 80.

tion of the jury, we will call attention only to the undisputed testimony, and its materiality. The plaintiffs introduced in evidence "the bill of lading issued by the Southern Railway Company, Pine Grove, Georgia, June 23, 1926, from Pine Grove Stave Company, consignor, and consigned to A. G. & L. W. Smith at Ellabell, Georgia, Route S. O. U., Helena, A. S. L. Car initial S. O. U., car No. 154732. Number of packages, one car 325 bundles S. L. C., by Mrs. C. Hall, Agent." The genuineness and correctness of this bill of lading was not disputed, and it showed not only delivery by the plaintiffs to the defendants of the goods the price of which was sued for, but also showed physical possession of the goods in the plaintiffs; which precluded a presumption of ownership, because of possession, in the agent Rushing, to whom payment was made by the defendants. See *Harris Loan Co.* v. *Elliott & Hatch Book Typewriter Co.,* 110 *Ga.* 302 (3) (34 S. E. 1003). The following testimony of E. E. Miles, a member of the plaintiff company, is also undisputed: "We sell these staves at 55 cents, f. o. b. cars that point. I have never been paid for these staves, and no part of it has ever been paid to my firm, and the account is due and correct, $178.35. We delivered the staves to the Southern Railroad Company at Pine Grove, and took this bill of lading for them. This is the bill of lading we obtained for them. They were shipped to A. G. & L. W. Smith, whatever is on the bill of lading, at Ellabell, Georgia. This debt hasn't been paid. Mr. Rushing was not authorized to make any collections for us at all. We specifically directed him not to. These staves were shipped on June 23, 1926, the date of this bill of lading. Mrs. C. Hall is the agent at Pine Grove for the Southern Railway Company,—been agent for several years."

An agent may be limited by his authority, and "agency to sell does not necessarily carry with it authority to collect." *Walton Guano Co.* v. *McCall,* 111 *Ga.* 114 (36 S. E. 469). In the instant case the agent had no authority to collect for his principal, as is shown by the undisputed evidence. "The agent must act within the authority granted to him" (Civil Code (1910), § 3576), and "persons dealing with an agent appointed for a particular purpose are bound to inquire as to the extent of his authority." *Harris Loan Co.* v. *Elliott & Hatch Co.,* supra; *Baldwin Fertilizer Co.* v. *Thompson,* 106 *Ga.* 480 (32 S. E. 591); *Dannenberg Co.* v.

*Hughes,* 30 *Ga. App.* 83 (116 S. E. 892). The record fails to disclose any concealment of agency by the plaintiffs, or any ratification by them of the collection made by the agent. It does show that the declarations made by the agent as to his authority to collect were made when he came to collect, and not at the time of sale, and hence were not even made dum fervet opus. In this connection see *Franklin County Lumber Co.* v. *Grady County,* 133 *Ga.* 557 (66 S. E. 264).

Since it is undisputed that the plaintiffs delivered the goods as shown by the bill of lading; that the defendants received the goods; that the plaintiffs never received payment therefor; that Rushing had no authority to collect for the plaintiffs, and that the defendants had paid Rushing for the goods, the verdict for the defendants was unauthorized by the evidence, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*