26914.   NORAS *v.* McCORD *et al.*

DECIDED DECEMBER 5, 1938.   REHEARING DENIED DECEMBER 20, 1938.

314

*Sidney J. Hayles, Noah J. Stone,* for plaintiff.
*Little, Powell, Reid & Goldslein,* for defendants.

STEPHENS, P. J. (After stating the foregoing facts.) It appears from the evidence, and the receipt which was offered in evidence but which was rejected, that Tom Noras delivered to American Bond & Share Corporation, through its agent, E. H. Steele, to be sold by the corporation as his attorney in fact for Noras's benefit and account, in open market or by private sale, fifty shares of Georgia Power Company stock belonging to him "at $59 per share or better," and that the full amount to be realized from the sale should be paid to him. It appears that when Noras delivered the stock he signed a transfer on the back of the certificate and left the name of the transferee blank. It appears that American Bond & Share Corporation afterwards engaged Fenner & Beane as its brokers, to sell the fifty shares of stock referred to; that the stock was delivered to Fenner & Beane who inserted in the transfer the names of Fenner & Beane, as transferees, and sold on the New York Curb Exchange 25 shares of the stock at $58 per share, and 25 shares at $57-7/8 per share. It does not appear what became of the proceeds of these sales.

A written transfer or assignment of a certificate of stock, made on the back thereof, with a delivery of the stock to the transferee, is sufficient to pass to him title to the stock. *Georgia Casually Co.* v. *McRitchie,* 45 *Ga. App.* 697 (166 S. E. 49). It appears from

the receipt, which was rejected from evidence, that the certificate of stock was transferred to American Bond & Share Corporation to be sold by it for the benefit of the transferor, or owner, at $59 per share or better. The plaintiff, Tom Noras, delivered his certificate of stock to American Bond & Share Corporation with authority in the corporation to sell it for his benefit. To do this it was necessary either for Noras to convey title to the stock to American Bond & Share Corporation, or to constitute it as his attorney in fact, with power to sell and convey the owner's title thereto to the purchaser to whom the corporation might sell the stock. By the transfer in blank Noras authorized American Bond & Share Corporation to fill in the blank with the name of any person as transferee. *Savannah Bank & Trust Co.* v. *Groover,* 56 *Ga. App.* 27 (192 S. E. 49). When American Bond & Share Corporation delivered the certificate of stock to Fenner & Beane, although it was delivered to them solely as the corporation's agents to sell the stock, and Fenner & Beane filled in the blank transfer with their names as transferees, the title to the stock passed to Fenner & Beane for the purpose of sale. Code § 96-207.

Where personal property has been by its owner delivered to his agent with power of attorney in the agent to sell it and convey title, and a limitation on the terms of sale is placed on the agent, and the agent sells the property, in violation of these terms, neither he nor his sub-agent, who sells the property for him, is guilty of a conversion of the property. Title and right to possession pass out of the owner. He can not recover in trover because in a suit in trover the plaintiff can recover only upon proof of title to the property or right of possession in himself. *Palmour* v. *Durham Fertilizer Co.,* 97 *Ga.* 244 (22 S. E. 931) ; *Hall* v. *Simmons,* 125 *Ga.* 801 (54 S. E. 751) ; *Prater* v. *Painter,* 6 *Ga. App.* 292 (64 S. E. 1003) ; *Dunlap-Huckabee Auto Co.* v. *Central Georgia Automotive Co.,* 31 *Ga. App.* 617 (122 S. E. 69) ; *Georgia Casualty Co.* v. *Mc-Ritchie,* 45 *Ga. App.* 697, 703 (166 S. E. 49) ; *Savannah Bank & Trust Co.* v. *Groover,* 56 *Ga. App.* 27 (192 S. E. 49) ; *McNeil* v. *Tenth National Bank,* 46 N. Y. 325 (7 Am. R. 341).

In *Knight* v. *Metts,* 27 *Ga. App.* 657 (109 S. E. 521), and *Turner* v. *Williams,* 29 *Ga. App.* 752 (116 S. E. 553), the transferee of corporate stock, which was transferred for a limited purpose, applied the stock to a purpose other than that to which it was re-

316

stricted by the transfer. Whereas, in the case now before the court, the transferee of the certificate of stock applied the stock to the purpose for which it was transferred. The certificate of stock was transferred and delivered by the plaintiff to American Bond & Share Corporation for the purpose of being sold by the corporation for the transferor's benefit. The sale of the stock by Fenner & Beane, under authority from American Bond & Share Corporation, was an authorized exercise of the power which the owner of the certificate, by the transfer, had conferred upon the transferee.

Considering all the evidence adduced, together with the "receipt" containing the limitation as to a minimum-sale price upon the power of the transferee to sell the stock, there appears no conversion of the stock by the defendants, or title to the property in the plaintiff. Had the court admitted in evidence the receipt, a nonsuit would have been proper. The court therefore did not err in awarding a nonsuit. It is immaterial whether the court erred in rejecting the receipt from evidence.

*Judgment affirmed. Sutton and Felton, JJ., concur.*