27251. TIDWELL *v.* BUSH.

Decided February 21, 1939.

*Roland Neeson, Roy S. Drennan,* for plaintiff.

*Mozley & Combs,* for defendant.

Guerry, J. The plaintiff in the court below, plaintiff in error here, was in possession of a Ford automobile upon which there was due a balance of purchase-money to the *Lincoln Discount Company* of $165, evidenced by a note and retention-of-title contract. On November 23, the plaintiff traded his equity in said Ford automobile to the defendant as a part of the purchase-price on a Plymouth automobile, giving a series of notes for the balance due on the Plymouth purchase-price, secured by a retention-of-title contract. These notes and retention-of-title contract the defendant

transferred to the Peoples Loan and Finance Company. The defendant agreed to pay to the Lincoln Discount Company the balance due on the Ford automobile of $165, the time of the payment not being specified. One or more of the notes due by the plaintiff and owned by the Peoples Loan and Finance Company matured, and the plaintiff voluntarily surrendered the Plymouth car to them, and on January 15, 1938, instituted its trover suit against the defendant. On January 17, the defendant paid the Lincoln Discount Company the balance due it on the Ford car, and at that time no legal action had been instituted against the plaintiff by the Lincoln Discount Company. The trial court, on this agreed statement of facts, entered a nonsuit against the plaintiff and exceptions are taken to this order.

The issue in an action of trover is ordinarily one of title, and the gist of the action is conversion, that is to say, that the defendant has wrongfully deprived the plaintiff of possession. Where such a state of facts exist trover will lie. Where title is claimed it must be the legal and not the equitable title. *Mitchell* v. *Georgia & Alabama Ry.,* 111 *Ga.* 771 (36 S. E. 971, 51 L. R. A. 622) ; *Delaney* v. *Sheehan,* 138 *Ga.* 510 (75 S. E. 632) ; *Gaskins* v. *Gray Lumber Co.,* 6 *Ga. App.* 167 (64 S. E. 714). However, a vendee in a conditional-sale contract may maintain an action of trover against a third person *wrongfully* depriving him of possession of such property. *Painter* v. *McGaha,* 6 *Ga. App.* 54 (64 S. E. 129) ; *White* v. *Dodson,* 41 *Ga. App.* 436 (153 S. E. 233) ; *Livingston* v. *Epstein-Roberts Co.,* 50 *Ga. App:* 25, 28 (177 S. E. 79). The facts of this case fail to show that the defendant had wrongfully deprived the plaintiff of the possession of the Ford automobile. It is true that, as a part of the trade, the defendant was to pay to the Lincoln Discount Company a balance of $165. It does not appear from the evidence when this was to be paid, or that plaintiff had suffered any injury by reason of such failure to pay at the time the action was filed. Neither does it appear that the plaintiff was entitled to a rescission of the sale and contract agreement as to the purchase-price of the Plymouth car, or that such car was turned back because of a failure of the defendant to pay the Lincoln Discount Company. The plaintiff failed to show either title or right of possession in the Ford car, and the court did not err in granting a nonsuit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*