## 32707.   BERGER *v.* NOBLE.

Decided January 31, 1950.   Adhered to on Rehearing February 24, 1950.

*Wesley R. Asinof,* for plaintiff in error.

*O. C. Hancock, C. E. Moore,* contra.

GARDNER, J. The defendant Berger expressly abandons the special grounds of his motion for a new trial.

The court, sitting as judge and jury, was authorized to find that Williams was the agent of the plaintiff to sell the Ford truck involved; that Williams did not sell this car, but delivered it to Hamby, who operated a used car lot; that Hamby sold and delivered the truck to the defendant Berger for $2000 and retained the proceeds of the sale for himself, and that Hamby executed a bill of sale to the purchaser, Berger. It further appeared from the facts that the truck was purchased in New York; that the certificate of title was given by the seller, and that this instrument was in the possession of the agent and turned over by him to Hamby, the automobile dealer. Under these circumstances the court was authorized to find that the agent, Williams, had no title to the truck in question; that his possession was as agent with specific authority; that the truck was purchased with the plaintiff's money and belonged to the plaintiff and that the agent had no power to delegate his

authority to sell the car to another, and that Hamby had no title to the car or right to sell it, and conveyed none to the defendant Berger.

While the evidence was conflicting on the question whether the plaintiff used the money belonging to him in purchasing this truck, or whether the money belonged to a partnership operated by his brother and himself, the court was authorized to find that the money belonged to the plaintiff, and that the plaintiff acquired the title to the Ford truck.

The Code, § 96-111, states: "The seller can convey no greater title than he has himself." This automobile truck was not a negotiable instrument, but an article of personalty. There was no question of the sale of a note, secured by the car, but of the car itself. The remaining provisions of the Code, § 96-111, cited above, as to a bona fide purchaser of negotiable paper, etc., have no application to the case at bar.

The Code, § 4-202, provides that "The agent shall act within the authority granted to him, reasonably interpreted; if he shall exceed or violate his instructions, he does it at his own risk, the principal having the privilege of affirming or dissenting as his interests may dictate." An agent, whose authority is limited to the sale of an article, may not delegate this authority to another, without being empowered so to do. Code § 4-103. So, as held in *Guthrie* v. *Hendley*, 56 *Ga. App.* 438, "A purchaser of personal property from one who is not the true owner acquires no title against the true owner by reason of the bona fides of his purchase, when he purchases from one who is an utter stranger to the title and who can convey no title, except where there may be some statute otherwise, or where the true owner, upon some principle of estoppel, would be prevented from asserting his title." However, the mere permission by the owner for his agent to have possession of the truck would not be such an act as would estop the owner. See *First National Bank of Macon* v. *Nelson*, 38 *Ga.* 391; *Darby* v. *Parrish*, 42 *Ga. App.* 492. An agent for the sale of personal property has only the authority to sell. If the agent undertakes to exceed his authority, as the judge was authorized to find he did here, by delivering the truck to Hamby, the automobile dealer, to sell, he was acting without his authority and no title to the

truck passed. See *First National Bank of Macon* v. *Nelson*, supra. The plaintiff had entrusted this truck to the agent with direction to sell it, not with authority to permit some other person to sell it, and the agent exceeded his authority when, and if he delivered the car to Hamby for him to sell. See *Patterson Company* v. *Peoples Bank*, 158 *Ga.* 503. If the rule were otherwise, every bailee could dispose of the property of the bailor and convey title thereto. An agent to sell has authority only to sell. *Miles* v. *Smith*, 37 *Ga. App.* 619. He does not have authority to delegate his authority to another and empower that other to sell for the principal. The agent is limited by his authority. He must act within the authority granted him. Persons dealing with an agent for a particular purpose are bound to inquire as to the extent of the authority of the agent. *Miles* v. *Smith*, supra, p. 620. It is true that for the purpose of executing his agency, he is a general agent. Had Williams sold the truck, he could have performed every act essential thereto and the plaintiff, his principal, would have been bound thereby. However, he did not sell the same, but tried to delegate to Hamby this power. Hamby had no right to sell and he could convey no title to the purchaser, the defendant, Berger.

The case of *Gernazian* v. *Harrison*, 66 *Ga. App.* 689, is not controlling here. This case is not authority to the contrary of what we now hold. In that case the automobile dealer borrowed money on an automobile, giving to the lender a bill of sale to secure debt, and the lender permitted him to retain possession of the car, which the dealer sold in the usual course of his business. No such situation arose here. The plaintiff owner did not entrust this car to the dealer Hamby. It is contended by the defendant Berger that the plaintiff had no title to the truck and hence could not maintain this trover action. The defendant cites and relies on the cases of *Washington Loan and Banking Company* v. *Stanton, et al.*, 32 *Ga. App.* 712; *Tidwell* v. *Bush*, 59 *Ga. App.* 471; *Noras* v. *McCord*, 59 *Ga. App.* 311; *Macon, Dublin and Savannah Railroad Company* v. *Heard Bros.*, 27 *Ga. App.* 382; *Hall* v. *Simmons*, 125 *Ga.* 801. These cases state good law, but are not applicable here. The evidence authorized the court to find that the title to this truck was in the plaintiff and he had never parted with such title; that he had entrusted

the truck to the agent, Williams, for a purpose, to wit, with direction to sell the same, which the agent did not do. The plaintiff did not part with the title to the truck to the agent. In *Noras* v. *McCord,* supra, the agent had authority to sell, and he sold the property. In the case at bar, the agent had the power to sell, and he did not sell.

Our attention has been called to the last sentence in Code, § 4-313, as follows: "If, however, the agency shall have been *concealed,* the party dealing with him may set up any defense against the principal which he has against the agent." (Emphasis ours.) As to this principle, it is our observation under the facts of this case that there was no concealment of agency such as the law contemplates, that would enure to the benefit of the purchaser in this case.

Also, our attention has been called to *Savannah Trust Company* v. *National Bank of Savannah,* 16 *Ga. App.* 706. That case involved a negotiable instrument in the nature of a certificate for baled cotton, the issuance of which is customary in the trade. Of course that principle has no application under the facts of the instant case. We are dealing here with personal property, of an automobile, and not a chose in action.

Our attention is also called to *Rosser, Armstead and Company* v. *Darden,* 82 *Ga.* 219. That case likewise deals with a cotton receipt which was signed in blank and the court there held that the agency was concealed and that in such event a third party contracting with the agent was entitled to all the equities and all the defenses which the third party would have had against the agent just as though the agent were the principal. The provisions of the Code, § 96-207, were codified from the principle enunciated in this decision. Clearly the facts of that case and the principles therein discussed and enunciated are foreign to those in the instant case. Again may we state that in the instant case we are dealing with personal property and the possession of it.

Again, our attention is called to *Morris* v. *Courts, et al.,* 59 *Ga. App.* 666. This case had to do with certificates of stock signed in blank and given to an agent who filled in the blank in favor of one other than as directed by the principal. In that decision this court held that it was based on the principle

contained in the Code, § 96-207, supra. The court went further and stated that where one of two innocent persons must suffer that one who puts it within the power of the third person to inflict the injury shall bear the loss, as provided in the Code, § 37-113. There is nothing in the evidence in the case at bar to establish that the principal here was concealed or that the purchaser of the automobile in the instant case was misled in any sort of way. The evidence in the instant case reveals that the only thing which could have remotely approached the proposition that the plaintiff Noble clothed the agent Williams with any kind of indicia to mislead anyone was that Noble turned over to Williams, the agent, certain certificates which indicated that the sellers of the cars to Noble in New York had title to the cars. These certificates were not transferred to Noble, nor to any person. There were no blank spaces in them to be filled out. None were filled out by Noble, Williams, or by anyone else. And so far as Berger, the purchaser, was concerned, he never saw or handled them. He relied, he claims, on mere possession of the automobile, and the judge in passing on the facts did not believe that Berger was misled. Insofar as the facts reveal, there is but one other incident which can remotely be considered as tending to show that the true owner of the automobile in question, Noble, was concealed as a principal in the instant case. That is this: When the agent Williams placed the car in question together with two others, on the lot of the Continental Motor Company, he stated to Bobo: "They are yours." In this connection it must be kept in mind that the evidence reveals and the fact finding authority in this case, the judge was authorized to find, that the agent Williams was a part owner and as he said, a partner, in the space with the Continental Motor Company. The court was authorized to find that these instructions were a notification by Williams to the bookkeeper that the cars were there on the lot and that he, the bookkeeper, was to see to it that they were protected and not turned over to Hamby or to anyone else. Other than as above, there is not a scintilla of evidence to bring the instant case under its facts, within the provisions of the cases cited above, under their facts, and the provisions of the Code, § 96-207, supra.

There is one other case which has been called to our attention and that is *Capital Automobile Company* v. *Ward*, 54 *Ga. App.* 873, 879. That case is what may be termed for the lack of a better expression, a borderline case. We will not go into the particulars of that case, but generally, in the main body of the opinion it makes plain that mere possession of an automobile by an agent is not sufficient for the agent to dispose of the property to a third person and bind the principal thereby. If it were otherwise, the owner of an automobile who turned the same over to a bailee or servant or agent for a particular purpose, and he disposed of it for some other purpose, would nullify all of the principles of bailment and all the principles underlying the relationship of principal and agent where personal property is involved. This savory principle was in effect long before the decisions to which our attention has been called, were written, or the law embodied in the Code sections to which reference is made, was enacted. One of our colleagues, Presiding Judge MacIntyre, wrote the opinion in the case of *Capital Automobile Company* v. *Ward*, supra. It is carefully written and the line of demarcation painstakingly drawn. On motion for rehearing he reviewed the question then under consideration and stated: "Nor is the rule applicable in cases involving contracts of bailment, agency or partnership . . nor in contracts of consignment amounting merely to a bailment . . nor in cases of sales by thieves or trespassers unlawfully acquiring possession of the goods . . nor does it have application in sales of cotton and other products by planters and commission merchants on cash sale . . . in all of which cases the title of the vendor may be asserted against a bona fide purchaser. . ."

2. So far we have dealt with the case on the theory that Williams, the agent of the plaintiff, delegated to Hamby the authority to sell the car in question. The court was authorized to find, from the facts, that Hamby sold the car to Berger without the knowledge or consent of Williams, the agent. It was undisputed that Noble paid for the cars; that he took with him to New York, Williams and one Hammond for the purpose of purchasing a Pontiac car for the use of Noble and two other cars for the purpose of selling them to defray the expenses of a trip to New York. At this time Williams was not working for

Hamby. Prior thereto he had been. Hamby knew and Mrs. Hamby knew and Bobo, the bookkeeper knew that Williams was to sell these cars from the Continental Motor Company lot. Hamby knew that the cars belonged to Noble, and that he, Hamby, had no authority to sell them. For the evidence shows that Hamby or someone for Hamby went to Noble and tried to get Noble to execute a bill of sale to Hamby in order that Hamby might deal with the cars with authority. Noble refused to do this. Hamby and Berger had known each other for twelve years. Berger was in the used car business and was a race car operator. Berger tried to buy the car in question first from Williams for $1900. Williams refused to take this amount. Then it was that Berger went to Hamby and he claims that he paid Hamby $2000 in cash, at night, and drove the car away. Berger never asked to see any bill of sale, never inquired as to Hamby's authority to sell the car, although he had been to Williams, who did have authority to sell it. Under all these facts and others hereinabove mentioned, the court was authorized to find that Berger was not an innocent purchaser for value. Williams nor anyone ever testified that Williams authorized Hamby to sell this car. At the time of the trial Hamby was serving a term in the penitentiary. Williams testified that he did not take any Georgia license tags to New York to bring the cars back; that Noble never authorized him to have any transactions with Hamby; that Williams was to sell the cars for cash, and deliver the money to Noble. In this view the judge was authorized to find that Hamby obtained the car illegally from the lot and not by authority of Williams or Noble, and sold it to Berger. From this viewpoint of the evidence which the judge was authorized to take, Noble was not estopped to assert his ownership against Berger and the judgment should be affirmed.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

ON MOTION FOR REHEARING AND AMENDMENT THERETO.

We will discuss only the amendment to the motion for rehearing. The amendment to the motion for rehearing makes

the contention, for the first time, that the evidence failed to disclose the liability of Robert Roger Hamby and failed to join the defendant Hamby with movant Berger on said judgment and that the defendant Hamby being the only resident defendant, and the trial court having failed to find him liable for judgment, and movant alleged to be a non-resident of the County of Fulton but a resident of DeKalb County, that the judgment against the movant Berger was contrary to the evidence, contrary to the law and was insufficient to support the verdict and judgment against the movant Berger. In support of this contention counsel cites *Metcalf* v. *Hale*, 42 *Ga. App.* 402, and *Warren* v. *Rushing*, 144 *Ga.* 612. The facts of the record of this case do not bear out the contentions of movant. The movant was the defendant in the court below and was sued jointly with one R. Roger Hamby in a trover action involving a 1947 Ford automobile truck. A petition alleged that Hamby was a resident of Fulton County, and that Berger was a resident of DeKalb County. Both parties were represented by attorneys other than the present attorney for movant. Evidence was introduced at the trial in the Civil Court of Fulton County which proved every material allegation of the trover proceeding and separate judgments were entered, without objection, against the movant and against R. Roger Hamby for a money judgment for the Ford automobile truck in question. Each of them filed separate bills of exceptions to this court. The bill of exceptions against the movant was numbered 32707, and that against Hamby was numbered 32708. The attorneys who represented the defendants in the court below withdrew from both cases. The case against Hamby was dismissed for want of prosecution. Movant Berger employed other counsel, the present counsel for movant, to wit, Wesley Asinoff, to prosecute his bill of exceptions. Said attorney argued the case of movant before this court. He did not contend or argue in any way the question which he now presents in his amended motion for a rehearing. This contention comes too late, even if the facts urged by counsel for movant were true, and as stated hereinbefore, they are not true according to the record. See *Snow* v. *Johnston*, 197 *Ga.* 146, 162. See also *Consolidated Distributors, Inc.*, v. *City of Atlanta*, 193 *Ga.* 853, 858. The

bills of exceptions in the instant case and in case number 32708 recite the judgment in favor of the plaintiff in the court below and against both the defendants Allen Berger and Roger Hamby. They also recite an agreement in the court below by both Hamby and Berger that all issues were to be submitted to the court for determination without a jury. This consent and the judgment rendered is now conclusive on all parties connected or interested in the same.

The fact that a separate bill of exceptions was sued out by each defendant in the court below does not change the result that a valid judgment was rendered against Hamby and Berger separately. The issues could have been brought up to this court in one bill of exceptions. See *Moore* v. *Adams*, 153 *Ga.* 709. The controlling issue is whether the trial court had jurisdiction over the person of Berger, the non-resident of Fulton County, who was alleged and proven to be a resident of DeKalb County. Under Code § 24-112 the jurisdiction of the person may be waived insofar as the rights of the parties are concerned, but not so as to prejudice third persons. Under all the facts of this case the movant waived jurisdiction as to his person. See catchword "person" under said Code section.

The amended motion for rehearing is without merit and is denied.

*Judgment adhered to. MacIntyre, P.J., and Townsend, J., concur.*