## 34939. MOORE *v.* KING.

TOWNSEND, J. 1. Where a manufacturer sends manufactured goods to his sales representative "on consignment" to be sold or given away as premiums, the relationship between the parties as to such goods is a bailment and not a sale. In re Thomas, 231 Fed. 513.

2. "Where personal property has been by its owner delivered to his agent with power of attorney to sell it and convey title, and a limitation on the terms of sale is placed on the agent, and the agent sells the property, in violation of these terms, neither he nor his subagent who sells the property for him is guilty of a conversion of the property. Title and right to possession pass out of the owner. He can not recover in trover because in a suit in trover the plaintiff can recover only upon proof of title to the property or right of possession in himself." *Noras v. McCord,* 59 *Ga. App.* 311, 315 (200 S. E. 513). *Loveless* v. *Fowler,* 79 *Ga.* 134 (1) (4 S. E. 103). Similarly, where the plaintiff ships merchandise on consignment to the defendant with the understanding that it is to be given away as premiums to purchasers of other merchandise, and such merchandise is in fact given away, there is no conversion, although the manner of disposing of some of it may be in violation of the manufacturer's instructions.

3. Although the evidence in this case was in conflict, that most favorable to the defendant authorized the conclusion reached by the auditor to whom the case was referred that the defendant had not received all of the merchandise charged out to him, that he had accounted for all he had received, and that the articles forwarded to him had been charged to his account and deducted from his commissions. The only exception before this court is to the judgment overruling the motion for new trial on the general grounds, together with an amendment which is but an amplification of the general grounds. "This court will not reverse a judgment overruling a motion for a new trial based on the general grounds that the verdict rendered was contrary to law and the evidence,

when it appears that the only matters passed upon by the jury were exceptions of fact to an auditor's report, and that they found against the exceptions upon conflicting evidence." *McNeal* v. *Taylor,* 99 *Ga.* 159 (25 S. E. 16). Accordingly, the judgment overruling the motion for new trial is without error.

Judgment affirmed. *Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 16, 1954.

*Jas. L. & Will G. Moore,* for plaintiff in error.
*Lee & Neal, Walker & Kilbride,* contra.

Herb W. Moore filed a bail-trover action against Roy C. King in the Civil Court of Fulton County for certain articles of merchandise, including baking sets, coffee pots, saladizers, and silverware. The case was tried by a jury and a verdict returned in favor of the defendant. Subsequently, on motion of the plaintiff, the trial judge granted a new trial and referred the case to an auditor, it being stipulated by the parties that the brief of evidence taken on the jury trial and certain documentary evidence should be considered as the evidence submitted to the auditor. The auditor found in favor of the defendant, and exceptions to his return were taken by the plaintiff. The trial judge, sitting as judge and jury, overruled the exceptions of law and fact to the auditor's return and entered judgment in favor of the defendant. No exceptions to this judgment are preserved. A motion for new trial was made on the general grounds, and later amended on the grounds that "the court erred in holding the evidence insufficient to sustain the plaintiff's case," and in "deciding that certain named articles could not properly [be] charged to defendant against earned commissions". The judgment overruling the motion for new trial is assigned as error.