93 Ga. App. 224 (1956)
91 S.E.2d 189
ABNEY et al.
v.
M. B. THOMAS AUTO SALES COMPANY., INC.
36006.
Court of Appeals of Georgia.
Decided January 20, 1956.
Robert Edward Surles, for plaintiff in error.
Bobby Lee Cook, Thomas J. Espy, Jr., contra.
*226 CARLISLE, J.
1. "The issue in an action of trover is ordinarily one of title, and the gist of the action is conversion, that is to say, that the defendant has wrongfully deprived the plaintiff of possession. Where such a state of facts exist trover will lie." Tidwell v. Bush, 59 Ga. App. 471, 472 (1 S. E. 2d 457), and citations.
2. A petition strictly following the statutory, or "Jack Jones", form in an action of trover is not subject to general or special demurrer. Breen v. Barfield, 80 Ga. App. 615 (56 S. E. 2d 791), and citations.
3. Where, however, such a petition in statutory form is made ambiguous by additional averments of evidentiary facts, such a petition may become subject to special demurrer; or, if the additional evidentiary facts, properly construed most strongly against the pleader, are in direct conflict with the plaintiff's right of recovery in an action of trover, such a petition becomes subject to general demurrer. Hurt & Quinn v. Keen, 89 Ga. App. 4, 5 (78 S. E. 2d 345).
4. "Ordinarily the delivery to the creditor of the check of the debtor or of a third person will not be presumed to have been accepted as absolute payment of the debt; but the presumption is that it was accepted merely *225 as conditional payment or as collateral security so that the debt is not discharged until the check is paid either to the creditor or to some person authorized by him to receive payment. Where, however, the creditor has received a check, and does not deny that he cashed it, and fails to return it or make any protest to the debtor of nonpayment, it will be presumed that he collected the money." (Italics ours.) 70 C. J. S. 316, § 105.
5. Under an application of the foregoing principles of law to the facts of the present case, the petition, construed most strongly against the pleader, fails to state a cause of action in trover. As it is alleged that payment for the automobiles in this case was made by check and there is no allegation that the check has not been paid, has been dishonored, or payment stopped thereon, or that the check has been returned, the check presumptively has been paid; and, the check having been paid, title to the automobiles and right of possession passed from the plaintiff to the defendant Mavity, and there remained no basis upon which the plaintiff could maintain an action of trover for the automobiles. The trial court, consequently, erred in overruling the general demurrers of the defendants, Abney Motors and Associates Discount Corporation, who obtained possession of the automobiles from Mavity.
Judgments reversed. Gardner, P. J., and Townsend, J., concur.