40553. WILLIAMS v. FIDELITY & CASUALTY COMPANY OF NEW YORK.

DECIDED FEBRUARY 11, 1964—REHEARING DENIED MARCH 2, 1964.

*Oliver, Oliver & Gunter, Jack N. Gunter,* for plaintiff in error.
*Ellard & Frankum, Stephen D. Frankum, R. Wilson Smith, Jr.,* contra.

NICHOLS, Presiding Judge. " 'The issue in an action of trover is ordinarily one of title, and the gist of the action is conversion, that is to say that the defendant has wrongfully deprived the plaintiff of possession. Where such a state of facts exists trover will lie.' *Tidwell v. Bush,* 59 Ga. App. 471, 472 (1 SE2d 457), and citations." *Abney v. M. B. Thomas Auto Sales Co.,* 93 Ga. App. 224 (1) (91 SE2d 189).

While title is the issue, the sole question involved in the case sub judice is one of identification. The defendant contends that, since the identification shown on the automobile was different from that shown on the bill of sale relied on by the plaintiff, the plaintiff cannot recover and a finding for the defendant is demanded.

The evidence introduced on the trial showed that the defendant had purchased the automobile sought to be recovered from Homer McDonald, doing business as McDonald Used Cars, who in turn had purchased it from Universal C. I. T. Credit Corporation and that the serial or identification number, attached to a plate on the door post of the automobile, was C 7GT 101 589. The number on the frame of such automobile was *C* 7BT 166 266 (Emphasis Supplied), and the number on the bills of sale relied upon to support the plaintiff's claim to such automobile showed number *L* 7BT 166 266 (Emphasis Supplied) as the serial number.

Assuming arguendo that the above would not support a verdict for the plaintiff, it is necessary to look at the remainder of the evidence to determine if the discrepancy in the numbers was explained so as to authorize a verdict for the plaintiff. If not, then the defendant's motion for a judgment notwithstanding the mistrial should have been granted. See the Act of 1957 (Ga. L. 1957, p. 224; *Code Ann.* § 110-113) ; *Gordy Tire Co. v. Bulman,* 98 Ga. App. 563 (106 SE2d 332).

The plaintiff introduced evidence showing that for the year 1957 the manufacturer of the automobile in question placed the same serial number in two places on each vehicle it manufactured, that it used as the first symbol of all its serial or motor numbers one of the first five letters of the alphabet (A, B, C, D or E), but not the letter "L". The second symbol (7) designated the model year 1957, while the third symbol denoted the assembly plant, example "B" Buffalo and "G" Chicago. The fourth symbol, "T," and all three numbers here involved designated the body type of the automobile. These four prefix symbols are followed by six digits to designate the number of the unit built at each assembly plant beginning with one hundred thousand and one. There was also testimony adduced that no

two automobiles manufactured at a single assembly plant bear the same unit number or the same last six digits.

The evidence further showed that the automobile to which the plaintiff claims title was stolen after the owner's place of business in Rochester, New York, was closed on the evening of December 17, 1959, and that the automobile in the possession of the defendant was purchased by Universal C. I. T. Credit Corporation in Chicago, Illinois, on December 18, 1959.

The plaintiff takes the position that the "L" and the serial number on the bill of sale relied upon by it was of necessity a clerical error and that such symbol of necessity should have been a "C" which is the number on the frame of the automobile. While it is obvious that, if the manufacturer did not manufacture any automobile with serial numbers beginning with "L", the serial number on the plaintiff's bill of sale was a clerical error, it does not, however, follow that the "L" should have been a "C" rather than an "A", "B", "D" or "E", which the company did use, nor does it necessarily follow that the "L" is the only clerical error in the plaintiff's bill of sale.

This additional evidence, while not conclusive as a matter of law as to the identity of the automobile, was sufficient to authorize a verdict for the plaintiff and the trial court did not err in overruling the defendant's motion for a judgment notwithstanding the mistrial.

*Judgment affirmed. Hall and Russell, JJ., concur.*